IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ELAINE BLANCHARD, KEEDRAN FRANKLIN,
PAUL GARNER and BRADLEY WATKINS,

    Plaintiffs,

v.                                                              Civil Action No.

CITY OF MEMPHIS,

_____

COMPLAINT FOR ENFORCEMENT
OF ORDER, JUDGMENT AND DECREE, DAMAGES AND OTHER RELIEF
_____

COME NOW the Plaintiffs, Elaine Blanchard, Keedran Franklin, Paul Garner and Bradley Watkins, by and through undersigned counsel, and petition this Court for enforcement of the provisions of the Order, Judgment and Decree heretofore entered by this Court in *Kendrick, et. al. v. Chandler*, Civil Action No. C76-449, and order the Defendant to appear and show what cause exists, if any, to excuse the Defendant's willful and wanton disregard of the terms and provisions of the Order, Judgment and Decree and why the Defendant should not be adjudicated guilty of contempt of court and punished according to law, for failing or refusing to obey a lawful order of this Court, and for an award of damages to the Plaintiffs as compensation and sanctions for the conduct of the Defendant, with fees and costs and attorneys' fees taxed to the Defendant and for such other, and further relief as this Court finds appropriate. In support of their Complaint, the Plaintiffs state as follows:

## JURISDICTION AND VENUE

1. This is an action brought to enforce the provisions of the Order, Judgment and Decree concerning First Amendment rights previously entered by this Court in *Kendrick, et. al. v. Chandler*, Civil Action No. C76-449, in the United States District Court for the Western District of Tennessee on September 14, 1978, and continuing in perpetuity. This Court asserted and retained jurisdiction of the subject matter in that earlier case and judgment orders; and the jurisdictional basis of this action is an extension of such earlier jurisdictional findings and orders.

2. Venue is proper in this United States District Court for the Western District of Tennessee in that all of the unlawful acts, practices and conduct of the Defendants occurred within Memphis, Shelby County, Tennessee. Further, the permanent and binding injunctions in that earlier case were entered in this United States District Court for the Western District of Tennessee and it is proper for the Plaintiffs to seek enforcement of the orders of this Court here.

## PARTIES

3. Plaintiff, Elaine Blanchard, is a resident of the Memphis, Shelby County, Tennessee and the United States of America. She is a native-born citizen of the United States of America who has never renounced or waived her citizenship. The Plaintiff is a person who is entitled to protection provided by the Order, Judgment and Decree.

4. Plaintiff, Keedran Franklin, is a resident of the Memphis, Shelby County, Tennessee and the United States of America. He is a native-born citizen of the United States of America who has never renounced or waived his citizenship. The Plaintiff is a person who is entitled to protection provided by the Order, Judgment and Decree.

5. Plaintiff, Paul Garner, is a resident of the Memphis, Shelby County, Tennessee and the United States of America. He is a native-born citizen of the United States of America who has never renounced or waived his citizenship. The Plaintiff is a person who is entitled to protection provided by the Order, Judgment and Decree.

6. Plaintiff, Bradley Watkins, is a resident of the Memphis, Shelby County, Tennessee and the United States of America. He is a native-born citizen of the United States of America who has never renounced or waived his citizenship. The Plaintiff is a person who is entitled to protection provided by the Order, Judgment and Decree.

7. Defendant, City of Memphis, is a municipality duly incorporated under the laws of the State of Tennessee, and as such, is a political subdivision of the State of Tennessee, and among its other functions, maintains and operates a law enforcement agency known as the Memphis Police Department. The city is under a duty to operate its police activities in a lawful manner so as to preserve the peace of the city and the rights, privileges and immunities guaranteed and secured to its residents and visitors by the constitution and the laws of the United States and/or the State of Tennessee. The city is subject to suit pursuant to 42 U.S.C. § 1983. The city may be served with this Complaint by serving the City Attorney, Bruce McMullen, at his office located at 125 North Main Street, Suite 336, Memphis, TN 38103.

## STATEMENT OF THE CASE

8. The Plaintiffs are citizens of the United States and residents of Memphis Tennessee. They bring this Complaint and Petition to Show Cause to vindicate their constitutional and statuary rights under the Constitution of the United States and the State of Tennessee and of the laws of both jurisdictions.  Plaintiffs are intended beneficiaries of a

Consent Decree preventing the City of Memphis and the Memphis Police Department from conducting surveillance of peaceful protests protected by the First Amendment to the United States Constitution and of the Tennessee Constitution, the Tennessee Human Rights Act 4 T.C.A. Sections 21-101 et. seq. and the Civil Rights Act of 1964, specifically Section 42 U.S.C. § 1983.

FACTUAL STATEMENT

9. On September 14, 1978, this Court entered a Consent Order, Judgment and Decree preventing domestic surveillance of lawful and peaceful protests and exercise of First Amendment rights.

10. The Order, Judgment and Decree has been in full force and effect since its entry and the defendants have at all times had full knowledge of its terms. The Defendant City and the Memphis Police Department, as a condition of the Order, Judgment and Decree, were charged with the responsibility of disseminating the contents of the Order to the members of the Memphis Police Department.

11. The City of Memphis and the Memphis Police Department had notice of and were subject to the Order, Judgment and Decree, and have willfully and wantonly violated its core provisions prohibiting the City of Memphis from engaging in law enforcement activities which interfere with any person's rights protected by the First Amendment to the United States Constitution, including, but not limited to, the right to speak and dissent freely and to associate privately and publicly for any lawful purpose.

12. The Memphis Police Department has engaged in willful and wanton conduct violating the consent order by video recording participants at lawful protests, including specifically on February 21, 2017, in front of City Hall and by establishing a list which

prevents and/or chills the Plaintiffs and others from exercising their rights to seek redress of grievances and protest. Such conduct is a violation of the Order, Judgment and Decree. A copy of the Consent Order is attached as Exhibit 1 and incorporated herein as if set forth verbatim.

13. Under section J. <u>Dissemination and Posting of this Decree</u>., of the Order, Judgment and Decree, the "Defendants and the City of Memphis shall familiarize each of its law enforcement personnel with the contents of this Decree in the same manner in which those personnel are instructed about other rules of conduct governing such personnel. In addition, defendants and the City of Memphis shall disseminate and make known the contents of this Decree through publication, public posting and other means." In spite of the clear language of the Order, the City of Memphis and the Memphis Police Department, have failed to publish the Order on the websites of the City of Memphis or the Memphis Police Department. This omission is a clear and intentional violation of this Court's Order.

14. In 2014, the Memphis Police Department bought and used a program called Geofeedia. The software shows users a map of their area overlaid with pins showing who is posting what, to what social media platform they are posting, and what they are posting about. According to Memphis Police Department spokesperson Louis Brownlee, the Memphis Police Department used the program for "checking social media for public safety."

15. On October 13, 2016, a letter was sent to Bruce McMullen, the City Attorney, requesting a formal response and explanation from the city as to how the program was being used by the City of Memphis and the Memphis Police Department, before a Motion to Show Cause was filed.

16. On October 27, J. Michael Fletcher, Deputy City Attorney, responded by way of a letter stating that he would look into the issues raised in the above referenced and attached letter and would more fully respond to the inquiry. To date, neither Mr. Fletcher, nor anyone else with the City of Memphis has provided a substantive response to the letter of inquiry.

17. The City of Memphis and the Memphis Police Department have created "black lists" consisting of eighty-one citizens who cannot come to City Hall without a police escort to wherever they are going in the building. See Exhibit 2, attached hereto.

COUNT I – Violation of Order, Judgment and Decree

18. Plaintiffs hereby incorporate by reference all preceding paragraphs and all factual allegations contained therein.

19. The investigation of the Plaintiffs and their inclusion on the "black list" compiled and maintained by the City of Memphis and the Memphis Police Department violate the Order, Judgment and Decree entered by this Court.

20. The use of the Geofeedia software program by the City of Memphis and the Memphis Police Department violates the Order, Judgment and Decree entered by this Court.

21. The failure of the City of Memphis and/or the Memphis Police Department to publish the Order, Judgment and Decree on the website of the Memphis Police Department is a clear and intentional violation of this Court's Order.

22. The surveillance and video recording of the Plaintiffs by the City of Memphis and/or the Memphis Police Department is a clear and intentional violation of this Court's Order and is intended to chill the First Amendment rights of the Plaintiffs and is a clear and intentional violation of this Court's Order.

23. The actions of the City of Memphis and/or the Memphis Police Department in connection with their investigation, stigmatization, recording and isolation of the Plaintiffs were undertaken solely and exclusively for the purpose of silencing, harassing and intimidating the Plaintiffs' First Amendment conduct, and is a clear and intentional violation of this Court's Order.

## CONCLUSION

Unless this Court imposes significant, painful and meaningful penalties for the willful and wanton defiance of this Court's Order, Judgment and Decree, its Order will continue to be disregarded and the constitutional rights of the Plaintiffs and others will continue to be denied and violated.

WHEREFORE, the Plaintiffs respectfully request this Court for relief as follows:

A. For issuance of an order that the City of Memphis show what cause exists, if any, to excuse the willful ad wanton disregard of the terms and provisions of the Order, Judgment and Decree and violation of the constitutional rights with respect to the Plaintiffs;

B. For an award of monetary damages, both compensatory and punitive, to the Plaintiffs and as sanctions for the conduct of the City of Memphis;

C. For an Order directing the City of Memphis to dissolve the "black list" immediately and without delay and to prohibit the City of Memphis from creating or maintaining such lists in the future;

D. For the entry of an Order herein awarding fees and costs and attorneys' fees taxed to the City of Memphis;

E. For the entry of an Order, after a hearing, finding the Defendant to be in contempt of this Court for the willful and wanton disregard of the restrictions, requirements and prohibitions imposed by the Order, Judgment and Decree;

F. For such other and further relief as this Court in equity finds to be appropriate.

    Respectfully submitted,

    s/Bruce S. Kramer
    **APPERSON CRUMP, PLC**
    Bruce S. Kramer (#7472)
    Scott A. Kramer (# 19462)
    6070 Poplar Avenue, 6th Floor
    Memphis, Tennessee 38119
    (901) 756-6300
    *Attorneys for Plaintiffs*