EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHAN KENDRICK, ET AL., | § |
| Plaintiffs, | § |
| vs. | § CIVIL ACTION |
| | § NO. C 76-449 |
| WYETH CHANDLER, et al., | § |
| Defendants. | § |

### ORDER, JUDGMENT AND DECREE

Plaintiffs, Chan Kendrick, Mike Honey, and the American Civil Liberties Union in West Tennessee, Inc., having commenced this action on or about September 14, 1976, against defendants Wyeth Chandler, Mayor of the City of Memphis, W. O. Crumby, Chief of Police and Acting Director of Police of the City of Memphis, E. T. Ryan, Captain of the Intelligence Section of the Memphis Police Department, and George W. Hutchison, Deputy Chief of Operations of the Memphis Police Department, individually and in their official capacities, and the court having determined by Order dated September 23, 1977 that the pleadings are sufficient to state a cognizable claim for relief, and the parties having waived hearing, findings of fact and conclusions of law, and defendants having consented to entry without further notice of the within Order, Judgment and Decree (hereinafter "Decree");

NOW, THEREFORE on application of Jack D. Novik, Esquire, American Civil Liberties Union Foundation, Bruce S. Kramer, Esquire, American Civil Liberties Union in West Tennessee, Inc., and Alex Hurder, attorneys for the plaintiffs, and upon consent of defendants, it is ORDERED, ADJUDGED and DECREED as follows:

A. **Statement of General Principles**

The defendants herein deny that they have acted illegally in any manner but agreed to the terms hereafter set out in order to dispose of the controversy between the parties.

The provisions of this Decree prohibit the defendants and the City of Memphis from engaging in law enforcement activities which interfere with any person's rights protected by the First Amendment to the United States Constitution including, but not limited to, the rights to communicate an idea or belief, to speak and dissent freely, to write and to publish, and to associate privately and publicly for any lawful purpose.

Furthermore, even in connection with the investigation of criminal conduct, the defendants and the City of Memphis must appropriately limit all law enforcement activities so as not to infringe on any person's First Amendment rights.

B. **Definitions**

1. "First Amendment rights" means rights protected by the First Amendment to the Constitution of the United States including, but not limited to, the rights to communicate an idea or belief, to speak and dissent freely, to write and to publish, and to associate privately and publicly for any lawful purpose.

2. The "City of Memphis" means all present and future officials, employees and any other agents, and all departments, divisions and any other agencies, of the City of Memphis, Tennessee.

3. "Person" means any individual, group or organization.

4. "Political Intelligence" means the gathering, indexing, filing, maintenance, storage or dissemination of information, or any other investigative activity, relating to any person's beliefs, opinions, associations or other exercise of First Amendment rights.

-2-

5. "Defendants" means defendants Chandler, Crumby, Ryan and Hutchinson and their successors in office.

C. **Political Intelligence**

1. The defendants and the City of Memphis shall not engage in political intelligence.

2. The defendants and the City of Memphis shall not operate or maintain any office, division, bureau or any other unit for the purpose of engaging in political intelligence.

D. **Prohibition Against Electronic Surveillance for Political Intelligence**

The defendants and the City of Memphis shall not intercept, record, transcribe or otherwise interfere with any communication by means of electronic surveillance for the purpose of political intelligence.

E. **Prohibition Against Covert Surveillance for Political Intelligence**

The defendants and the City of Memphis shall not recruit, solicit, place, maintain or employ an informant for political intelligence, nor shall any officer, employee or agent of the City of Memphis, for the purpose of political intelligence, infiltrate or pose as a member of any group or organization exercising First Amendment rights.

F. **Harassment and Intimidation Prohibited**

1. The defendants and the City of Memphis shall not disrupt, discredit, interfere with or otherwise harass any person exercising First Amendment rights. Among other things, the City of Memphis shall not disseminate damaging, derogatory, false or anonymous information about any person for the purpose of political intelligence, or attempt to provoke disagreement, dissention or violence between persons.

2. The defendants and the City of Memphis shall not engage in any action for the purpose of, or reasonably having the effect of, deterring any person from exercising First

-3-

Amendment rights. As an example, the City of Memphis shall not, at any lawful meeting or demonstration, for the purpose of chilling the exercise of First Amendment rights or for the purpose of maintaining a record, record the name of or photograph any person in attendance, or record the automobile license plate numbers of any person in attendance.

C. **Criminal Investigations Which May Interfere With the Exercise of First Amendment Rights**

1. Any police officer conducting or supervising a lawful investigation of criminal conduct which investigation may result in the collection of information about the exercise of First Amendment rights, or interfere in any way with the exercise of such First Amendment rights, must immediately bring such investigation to the attention of the Memphis Director of Police for review and authorization.

2. The Director of Police shall review the factual basis for the investigation and the investigative techniques to be employed. The Director of Police shall issue a written authorization for an investigation for a period not to exceed ninety (90) days only if the Director of Police makes written findings that:

   a. The investigation does not violate the provisions of this Decree; and

   b. the expected collection of information about or interference with, First Amendment rights is unavoidably necessary for the proper conduct of the investigation; and

   c. Every reasonable precaution has been employed to minimize the collection of information about, or interference with, First Amendment rights; and

-4-

    d. the investigation employs the least intrusive technique necessary to obtain the information.

  3. The Director of Police may authorize an extension of such investigation for an additional period specified by the Director of Police not to exceed ninety (90) days. The Director of Police shall authorize each such extension only if the Director of Police re-evaluates the factual basis for the investigation and the investigative techniques to be employed, and makes current written findings as required in Paragraph 2, above.

H. Maintenance and Dissemination of Information

  1. The defendants and the City of Memphis shall not maintain personal information about any person unless it is collected in the course of a lawful investigation of criminal conduct and is relevant to such investigation. Information which has been collected in violation of this Decree shall be destroyed.

  2. The defendants and the City of Memphis shall not disseminate personal information about any person collected in the course of a lawful investigation of criminal conduct to any other person, except that such information may be disseminated to another governmental law enforcement agency then engaged in a lawful investigation of criminal conduct.

I. Restriction on Joint Operations

The defendants and the City of Memphis shall not encourage, cooperate with, delegate, employ or contract with, or act at the behest of, any local, state, federal or private agency, or any person, to plan or conduct any investigation, activity or conduct prohibited by this Decree.

J. Dissemination and Posting of this Decree

The defendants and the City of Memphis shall familiarize each of its law enforcement personnel with the contents of

-5-

this Decree in the same manner in which those personnel are instructed about other rules of conduct governing such personnel. In addition, defendants and the City of Memphis shall disseminate and make known the contents of this Decree through publication, public posting and other means.

K. Effective Date

This Decree shall be effective when approved and entered by the Court as fair, reasonable and adequate.

L. Binding Effect

This Decree, providing prospective relief only, constitutes a full and final adjudication of all the named plaintiffs' claims for injunctive and affirmative relief as stated in the Complaint. However, it shall have no binding effect upon any claims for damages that have been, might have been, or might in the future, be asserted by any other individual. Any statutes of limitations that apply to any such claims are hereby tolled from September 14, 1976 to the date of this Decree.

M. Retention of Jurisdiction

The Court will retain jurisdiction of this action, including any issue which might arise regarding payment of attorneys' fees to counsel for plaintiffs, pending disposition of all matters contained in this Decree and for the purpose of issuing any additional order required to effectuate this Decree.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

-6-

APPROVED FOR ENTRY:

_____
ARTHUR J. SHEA
Deputy City Attorney
City Hall, Room 314
125 N. Main Street
Memphis, Tennessee 38103

Attorney for Defendants

_____
JACK D. NOVIK
American Civil Liberties Union
    Foundation
22 East 40th Street
New York, New York 10016
212/725-1222

_____
BRUCE S. KRAMER
American Civil Liberties Union
    in West Tennessee, Inc.
P. O. Box 3070
Memphis, Tennessee 38103
901/525-6361

_____
ALEX HURDER
Attorney at Law
111 North Maple Street
Covington, Tennessee 38019

Attorneys for Plaintiffs