IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ELAINE BLANCHARD, KEEDRAN FRANKLIN, PAUL GARNER and BRADLEY WATKINS, (Dismissed per Court Order) <br>     Plaintiffs, <br><br> and <br><br> ACLU OF TENNESSEE, Inc. <br>     Intervening Plaintiff, <br><br> v. <br><br> THE CITY OF MEMPHIS, <br>     Defendant. | No. 2:17-cv-02120-jpm-DKV |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(a), Plaintiff in the above-captioned matter hereby moves the Court for summary judgment to be entered against Defendant, the City of Memphis, and a finding of contempt be entered against Defendant as a matter of law.

In support of its motion, Plaintiff states as follows:

1. Plaintiff seeks to hold Defendant in contempt for its violations of the consent decree entered in *Kendrick v. Chandler*, Civil Action No. C76-449 (the "Decree").

2. A Consent decree is both a contract between the parties and an order of the Court. *Rufo v. Inmates of Suffolk Cnty Jail*, 502 U.S. 367, 378 (1992).

3. Thus, as with any order, the parties have a duty to take ". . . all reasonable steps within their power to comply with the court's order." *Glover v. Johnson,* 934 F.2d 703, 708 (6th Cir. 1991).

4. A Court has an "affirmative duty to protect the integrity of a [consent] decree." *United States v. State of Mich.*, 62 F.3d 1418 (6th Cir. 1995) (quoting *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985).

5. The Statement of General Principals contained in the Decree makes clear that the Decree is designed to serve as a protective shield for First Amendment rights against the City of Memphis and the Memphis Police Department. The Decree was made necessary by the trampling of the right to speak, the right to dissent, and the right to associate both privately and publicly.

6. Defendant has indicated through its conduct that it does not see itself bound by the Decree or the authority of the Court and that it believes that it is vested with discretion to disregard the Decree at will. The law provides a strong rebuke to this position.

7. Defendant violated Section C.1 of the Decree by:

   a. engaging in political intelligence though its collection and dissemination of information about individuals' beliefs, opinions, associations, and exercise of First Amendment rights in the creation and dissemination of lists and briefings;

   b. targeting individuals for investigation based on their "associations-in-fact," their affiliations with protest groups, and their participation in free speech activities. JIBs and the Power Points were similarly populated with "current and historical intel" with respect to protest groups, associations, and beliefs and free speech activities of individuals;

      c. recording "Key Members" involved in protests to track the "pattern" of who attended unpermitted events;

      d. undertaking broad-based investigations of individuals (both in person and electronically); and

      e. using software to map associations between individuals based on their beliefs, opinions, and associations.

8. Defendant violated Section C.2 of the Decree by operating OHS as an office dedicated to collecting and disseminating the information described above. Its mission included a focus on "local individuals or groups that were staging protests."

9. Defendant violated Section E. of the Decree by:

      a. covertly surveilling groups engaged in free speech activities electronically through the Bob Smith account;

      b. use of an undercover phone to gain access to private group communications; and

      c. on the ground by placing plain clothes and undercover officers at meetings and free speech events.

10. Defendant violated Section F of the Decree by:

      a. circulating personal and confidential information about individuals involved in the exercise of their free speech rights, including but not limited to arrest and mental health records and information regarding ongoing investigations; this sensitive information was circulated in briefings multiple times a day both within MPD and outside of MPD to regional law enforcement and even to members of the community; and

      b. circulating information in briefings that was incorrect, unconfirmed, and mere rumor.

11. Defendant also violated Section F of the Decree by:

      a. specifically engaging conduct used as an example of a violation, by regularly naming and photographing individuals exercising their First Amendment rights by attending meetings and events;

      b. discouraging the exercise of First Amendment rights by enforcing different standards for obtaining a permit for protests than other types of events; and

      c. chilling the exercise of First Amendment rights by aggressively contacting event organizers and questioning them regarding their agenda and their affiliations.

12. While the Decree allows for collection of information about the exercise of First Amendment rights and even interference with those rights under certain circumstances during the course of a criminal investigation pursuant to Section G of the Decree, Defendant did not attempt to comply with the Decree's requirements.

13. Defendant's violations of the Decree are myriad, it is not in substantial compliance with the Decree, and it cannot meet its burden of demonstrating that it took all reasonable steps within its power to comply. Indeed, it took no steps.

14. As set forth above, Defendant has demonstrated and unwillingness to abide by the terms and restrictions of the Consent Decree and has engaged in pervasive and willful violations of almost every provision. To achieve "full remedial relief," Plaintiff asks the court to use its contempt powers to effectuate compliance with those provisions.

In further support of this motion, Plaintiff relies upon the attached memorandum of law, exhibits, and deposition excerpts.

        Respectfully submitted,

        */s/ Thomas H. Castelli*
        Mandy Strickland Floyd (BPR# 31123)
        Thomas H. Castelli (BPR#24849)
        AMERICAN CIVIL LIBERTIES UNION
          FOUNDATION OF TENNESSEE
        P.O. Box 120160
        Nashville, Tennessee 37212
        Phone: (615) 320-7142
        Fax: (615) 691-7219
        mfloyd@aclu-tn.org
        tcastelli@aclu-tn.org

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on June 18, 2018 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served via electronic mail to:

Buckner Wellford, Esq.
Mark Glover, Esq.
Jennie Vee Silk, Esq.
BAKER, DONELSON, BEARMAN,
 CALDWELL, & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

*Attorneys for Defendant*

        */s/ Thomas H. Castelli*
        Thomas H. Castelli