# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| ELAINE BLANCHARD, KEEDRAN FRANKLIN, PAUL GARNER, and BRADLEY WATKINS, | ) ) ) | |
| | ) | |
| Plaintiffs (dismissed), | ) | |
| | ) | |
| and | ) | Case No. 2:17-cv-2120-JPM-egb |
| | ) | |
| ACLU OF TENNESSEE, INC., | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER MEMORIALING SANCTIONS

The Court imposed certain sanctions on the City in its October 27, 2018 Order.  (ECF No. 151.)  For ease of access, the specific requirements of that Order are reproduced below.

The Court finds that the ACLU-TN is entitled to an award of attorney's fees at the conclusion of this litigation.

To ensure compliance with the Consent Decree generally, and especially with the requirement that the City familiarize its officers with the contents of the Decree, the Court ORDERS the following:

1)  The City shall revise Departmental Regulation 138.  (Ex. 79.)  The new regulation shall define "political intelligence."  The new regulation shall specify that "political

intelligence" includes <u>any</u> investigation into the lawful exercise of First Amendment rights, even if the investigating officer or unit does not have a partisan political motive.  The new regulation shall specify that political intelligence is not permissible as a goal of an investigation nor as the means to an end of an otherwise lawful investigation.   The new regulation shall inform officers that investigations into unlawful conduct that may incidentally result in the receipt of information relating to First Amendment rights are permissible, but require approval as set out in Consent Decree § G.  The City shall submit the revised Departmental Regulation to the Court no later than January 14, 2019 for review and approval.

2) The City shall design training for members of OHS, RTCC, and MPD's Command Staff.  The new training shall define "political intelligence."  The new training shall specify that "political intelligence" includes <u>any</u> investigation into the lawful exercise of First Amendment rights, even if the investigating officer or unit does not have a partisan political motive.  The new training shall specify that political intelligence is not permissible as a goal of an investigation nor as the means to an end of an otherwise lawful investigation.   The new training shall inform officers that investigations into unlawful conduct that may incidentally result in the receipt of information relating to First Amendment rights are permissible, but require approval as set out in Consent Decree § G.  No officer may be assigned to RTCC or OHS, or be promoted to the Command Staff without receiving this training.  The City shall submit a training plan to the Court no later than January 14, 2019 for review and approval.

3) The City shall establish a process for the approval of investigations into unlawful conduct that may incidentally result in political intelligence.   While the Court does not decide at this time whether the Consent Decree permits delegation of this task, the City's proposal may, for the time being, proceed as though delegation is permitted.  If the City does seek to delegate the approval process set out by § G of the Consent Decree, it shall provide that the process is administered by an officer outside of the direct chain of command of the unit or officer requesting authorization.  The City shall establish this process through a proposed written policy that shall be submitted to the Court no later than January 14, 2019 for review and approval.

4) The City shall establish written guidelines for the use of manual social media searches and of social media collators in compliance with the Decree.  The City shall make these guidelines available to all officers with access to social media collators, and to all officers assigned to OHS and RTCC.   The City shall submit these guidelines to the Court no later than January 14, 2019 for review and approval.

5) The City shall maintain a list of all search terms entered into social media collators or otherwise used by MPD officers collecting information on social media while on duty.  This list shall be filed under seal every three months until the Court orders otherwise.  The first filing shall be submitted no later than January 14, 2019 and shall reflect all such social media searches conducted from November 1, 2018 through December 31, 2018.

Plaintiff ACLU-TN shall, within 21 days of receipt of materials submitted by the City pursuant to 1, 2, 3, 4, and 5 above, file any objections to said proposals or, if there are no objections, a document stating that there are no objections.

3

It may be impossible for the Court to provide legal guidance on every situation that MPD will face that may implicate the Consent Decree.  To ensure compliance with the Decree and to provide closer guidance on what constitutes political intelligence, the Court will appoint an independent monitor to supervise the implementation of the sanctions described above.  The Parties shall submit proposed monitors, including a brief statement of qualifications and experience, by December 10, 2018.  Even if the Parties confer and agree on a proposed independent monitor, the Parties shall submit at least two candidates in total.  The City shall bear the monitor's fees and expenses.

**IT IS SO ORDERED**, this 29th day of October, 2018.

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE