# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ELAINE BLANCHARD, KEEDRAN FRANKLIN, PAUL GARNER, and BRADLEY WATKINS, | ) ) ) ) | |
| Plaintiffs (dismissed), | ) ) | |
| and | ) ) | Case No. 2:17-cv-2120-JPM-egb |
| ACLU OF TENNESSEE, INC., | ) ) | |
| Intervening Plaintiff, | ) ) | |
| v. | ) ) | |
| CITY OF MEMPHIS, TENNESSEE, | ) ) | |
| Defendant. | ) | |

## ORDER SETTING CONSENT DECREE MODIFICATION SCHEDULE
## AND
## SETTING PUBLIC COMMENT PERIOD

This Cause was before the Court on November 9, 2018 for a Telephonic Status Conference. Counsel present for Plaintiff ACLU of Tennessee, Inc. were Thomas Castelli and Amanda Floyd. Counsel present for Defendant City of Memphis were Buckner Wellford, Jennie Silk, R. Mark Glover, Lawrence Laurenzi, Bruce McMullen and Jennifer Sink.

Before the Court is the Motion to Vacate or Modify filed by Defendant City of Memphis on August 15, 2018. (ECF No. 124.) Within that Motion, the City advocates for the modification of certain terms of the Kendrick v. Chandler consent decree. (Id. at 5021-26.) During the conference, the parties agreed that a hearing and discovery schedule were appropriate on the question of modification. The City requested that the Court defer a ruling on the question of vacating the consent decree until after the hearing on modification. The City also indicated that a reply brief in support of its Motion would not be necessary.

At the Telephonic Status Conference, the following dates were established as the final deadlines for:

**NOTICE OF THIS ORDER BY ACLU-TN UPON CHAN KENDRICK AND MICHAEL HONEY BY FIRST-CLASS MAIL OR OTHER RELIABLE MEANS:**
November 23, 2018

**MOTIONS TO JOIN PARTIES OR TO INTERVENE:** December 14, 2018

**COMPLETING ALL DISCOVERY**:

**(a)  WRITTEN DISCOVERY**: January 4, 2019
**(b)  DEPOSITIONS**: January 31, 2019

**EXPERT WITNESS DISCLOSURES:**

**(a)  DISCLOSURE OF CITY'S RULE 26(a)(2) EXPERT INFORMATION**:[1]
March 15, 2019

**(b)  DISCLOSURE OF ACLU-TN'S RULE 26(a)(2) EXPERT INFORMATION**:
April 22, 2019

**(c)  DISCLOSURE OF CITY'S RULE 26(a)(2) REBUTTAL EXPERT INFORMATION:** May 17, 2019

**DEADLINE FOR ACLU-TN DEPOSITION OF CITY'S REBUTTAL EXPERT**:[2]
June 3, 2019

**FILING ALL JOINTLY-PROPOSED MODIFICATIONS**: May 1, 2019

**PUBLIC WRITTEN COMMENT PERIOD:**

1. The Court will accept written comments on this matter from Monday, April 22, 2019 through Friday, May 24, 2019.

2. The procedure for written public comments will be set out in a separate order. The Parties shall submit proposals for the public comment procedure by no later than **January 10, 2019.**

**TRIAL**:

---

[1] After the disclosure of each party's expert, the opposite party should proceed promptly to depose said expert, if said party intends to do so. It is contemplated that each party may depose the opposite party's expert(s) prior to filing a responsive expert report. Each disclosing party should make their expert(s) available for deposition promptly so that the responding party has the benefit of the deposition before filing any responsive expert report.

[2] See footnote 1, supra.

1. The **non-jury trial** in this matter, which is anticipated to last 2 days, is set to begin on **July 8, 2019 at 9:30 a.m**. in a courtroom to be designated by the District Court courtroom sharing plan.

2. **Trial briefs** are due by no later than 4:30 p.m. on **June 24, 2019**.

**OTHER RELEVANT MATTERS**:

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

The parties shall not call chambers without express written permission. All questions or requests for clarification in this matter should be filed and docketed through the CM/ECF system.

**IT IS SO ORDERED**, this 14th day of November, 2018.

    /s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE