IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE,
WESTERN DIVISION

| | |
|---|---|
| ELAINE BLANCHARD, KEEDRAN FRANKLIN, PAUL GARNER, and BRADLEY WATKINS, <br><br> Plaintiffs (dismissed), <br><br> and <br><br> ACLU OF TENNESSEE, <br><br> Intervening Plaintiff, <br><br> v. <br><br> THE CITY OF MEMPHIS, TENNESSEE <br><br> Defendant. | No.: 2:17-cv-02120-JPM-dkv |

**MOTION TO INTERVENE IN POST-TRIAL LITIGATION**

The Movants, who were also the original Plaintiffs to this action—Elaine Blanchard, Keedran Franklin, Paul Garner, and Bradley Watkins (the "Blanchard Plaintiffs")—respectfully ask to intervene as parties and participate in the post-trial litigation, for the purpose of enforcing and protecting their interests with respect to this Court's October 26, 2018 Opinion and Order (ECF 151) and October 29, 2018 Order Memorialing Sanctions (ECF 152) (collectively, the "October Order"). In support, the Blanchard Plaintiffs submit the following grounds and rely on their contemporaneously-filed Memorandum in Support.

1. On February 22, 2017, the Blanchard Plaintiffs initiated the present litigation by filing the Complaint (ECF No. 1), wherein they alleged multiple violations by the City of the 1978 Consent Decree (the "Decree") from *Kendrick v. Chandler,* No. No. C76-449 (W.D. Tenn.).

2. The Blanchard Plaintiffs were soon joined in their action by the Intervening Plaintiff, the American Civil Liberties Union of Tennessee (the "ACLU"), who had been an original party to the *Kendrick* litigation and Decree.

3. On June 30, 2017, this Court dismissed the Blanchard Plaintiffs from the present action after it determined, under such precedent as *Aiken v. City of Memphis*, 37 F.3d 1155 (6th Cir. 1994), that nonparties to a consent decree lack standing to enforce it. (ECF No. 41 at 516, 521).

4. None of the Blanchard Plaintiffs were parties to the Decree, but no party has ever disputed that, as persons frequently engaged in First Amendment activity, they are intended beneficiaries of the Decree's protections.

5. At a highly-publicized bench trial in August 2018, this Court heard extensive testimony from three of the four Blanchard Plaintiffs—Rev. Blanchard and Messrs. Gardner and Franklin—about the ways and extent to which the City's violations of the decree had injured them personally and affected their interests, including having a pronounced chilling effect on their political speech.

6. Following the August 2018 trial, this Court ruled in the October Order that the City had violated the Decree in multiple respects and in a variety of ways.[1]

7. Also in the October Order, this Court imposed sanctions on the City, which were thoughtful, extensive, and expressly for the purpose of ensuring the City's future compliance with the Decree.

8. On the eve of trial, the City moved to modify or vacate the Decree, filing a Motion for Relief from Judgement or Order pursuant to Fed. R. Civ. P. 60(b) (the "Motion to Modify"). (ECF No. 124).

---

[1] Prior to trial, this Court had ruled preliminarily that the City had violated the Decree to at least some extent. (ECF No. 120).

9. The Motion to Modify is now before the Court.

10. The Blanchard Plaintiffs satisfy the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2) with respect post-trial litigation.

11. This application to intervene is timely.

12. The Blanchard Plaintiffs have a substantial, cognizable, and protectable interests in the subject matter of the post-trial litigation.

13. The Motion to Modify is the subject of the post-trial litigation.

14. As intended beneficiaries of the Decree, the Blanchard Plaintiffs have substantial and cognizable interests in the City's future compliance with the Decree.

15. Since the express purpose of the October Order is to ensure the City's future compliance with the Decree, the Blanchard Plaintiffs have a substantial and cognizable interest in the conservation and continuation of the October Order.

16. The outcome of the litigation on the City's pending Motion to Modify could moot or otherwise undercut the October Order.

17. The Blanchard Plaintiffs therefore have a substantial and cognizable interest in this Court's ruling on the Motion to Modify.

18. The Blanchard's Plaintiffs' interests will be impaired if they are not permitted to intervene.

19. The present parties do not adequately represent the individual interests of the Blanchard Plaintiffs.

20. Alternatively, the Blanchard Plaintiffs satisfy the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1).

21. Again, the request is timely.

22. The Blanchard Plaintiffs have interests that share with the pending litigation one or more common questions of law or fact.

23. The intervention will not unduly delay or prejudice the adjudication of the current parties' rights.

Respectfully Submitted,

APPERSON CRUMP PLC

s/Jacob Webster Brown
Bruce S. Kramer (7472)
Scott A. Kramer (19462
Jacob Webster Brown (36404)
Patrick H. Morris (33689)
APPERSON CRUMP, PLC
6070 Poplar Avenue, Sixth Floor
Memphis, TN 38119
Telephone:  (901) 756-6300
Facsimile:  (901) 757-1296
bkramer@appersoncrump.com
skramer@appersoncrump.com
pmorris@appersoncrump.com
jbrown@appersoncrump.com
**Attorneys for Movants**

## CERTIFICATE OF CONSULTATION

In compliance with Rule 24 of the Federal Rules of Civil Procedure and Rule 7.2(a) of the Local Rules of this Court, I certify that in my capacity as counsel for the Blanchard Plaintiffs, I have contacted via email all counsel of record for the parties in this matter regarding our clients' intention to intervene.  I subsequently communicated via telephone with Mr. Castelli, counsel for the American Civil Liberties Union of Tennessee (the "ACLU"), who indicated that the ACLU presently has no objection to the Blanchard Plaintiffs' intervening in this action.  Mr. Castelli reserved his client's right to object at a later date, depending on the movants' briefings and/or subsequent developments in the case.  Ms. Silk, counsel for the City, indicated via email that the City objects to the

Blanchard Plaintiffs' intervention.

                                    Respectfully submitted,

                                    s/Jacob Webster Brown
                                    APPERSON CRUMP, PLC
                                    6070 Poplar Avenue, Sixth Floor
                                    Memphis, TN 38119
                                    Telephone: (901) 756-6300
                                    Facsimile: (901) 757-1296
                                    jbrown@appersoncrump.com
                                    **Attorney for Movant**

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing pleading is being served via the Court's ECF system upon all counsel of record this the 14th day of December, 2018.

                                    s/ Jacob Webster Brown