## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| ACLU OF TENNESSEE, INC., ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | Case No. 2:17-cv-2120-JPM-egb |
| v. ) | |
| ) | |
| CITY OF MEMPHIS, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON CITY OF MEMPHIS MATERIALS

Before the Court are the materials submitted by the City of Memphis (the "City") and the objections thereto filed by the ACLU of Tennessee, Inc. ("ACLU-TN"). (ECF Nos. 183, 185.) The parties shall appear for a hearing on the ACLU-TN's objections on Tuesday, April 23, 2019 at 9:30 a.m. Although the Court does not anticipate that testimony will be necessary at the April 23 hearing, the parties may confer and request the opportunity to examine witnesses by motion filed no later than April 8, 2019. The Court also ORDERS the City, after consultation with the independent monitor and the ACLU-TN, to file by April 1, 2019 a response indicating its position as to the Plaintiff's objections.

To assist the Court in making a determination on these issues, the Court hereby directs the independent monitor to make four inquiries, after consultation with the parties.[1] The independent monitor shall:

---

[1] The independent monitor shall communicate with the Court if he believes that a subsequent agreement between the parties renders an avenue of inquiry unnecessary. If, for example, the parties come to a shared

1. Determine the extent to which MPD officers receive periodic training as to "other rules of conduct governing such personnel." (Consent Decree § J, ECF No. 151 at PageID 6285.) If the frequency of such training differs by unit, the monitor should determine the training sequence and/or schedule for each.

2. Determine the extent to which MPD officers are already trained on first amendment rights. The independent monitor shall also consult with his retained experts and, after they have considered any first amendment training already received by officers, solicit their opinion as to whether first amendment concepts should be added to the Consent Decree training and how detailed such explanations should be.

3. Explain what "crime analysis or situational assessment reports" are, with special attention to whether their use could implicate the Consent Decree. (See Proposed Authorization for Investigations Form, ECF No. 185-4 at PageID 6673.)

4. Conduct a preliminary survey of how, when, and by whom social media is used for investigations by units or individual officers of the Memphis Police Department, outside of the Office of Homeland Security or the Real Time Crime Center.

The independent monitor shall report his findings on these issues by April 1, 2019.

**SO ORDERED**, this 28th day of February, 2019.

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

understanding on the inclusion of first amendment rights in the training materials, the inquiry into other first amendment training may be unnecessary.