IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ACLU OF TENNESSEE, INC., | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-2120-JPM-jay |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | |

**INTERIM REPORT OF INDEPENDENT MONITOR**

Independent Monitor Edward L. Stanton III now submits this Interim Report in response to the Court's Order of February 28, 2019 (ECF No. 189). The February 28th Order directed the Monitor to consult with Intervening Plaintiff ACLU of Tennessee, Inc., and Defendant City of Memphis, Tennessee, and to make certain inquiries regarding the City's submissions to the Court of January 14, 2019 (Submissions) (*see* ECF Nos. 151, 152, 183 & 185), and the ACLU's objections to them (Objections) (ECF No. 186). In addition to the Monitor's position regarding those Submissions and Objections, this Interim Report includes the Monitor's recommendations regarding certain hypothetical scenarios submitted directly to the Monitor by the City (Hypotheticals). The Hypotheticals reflect the City's stated need "for more immediate answers to questions concerning exigent circumstances."

**I.
RECOMMENDATIONS REGARDING THE SUBMISSIONS AND OBJECTIONS**

Before the Court directed the Monitor to make the inquiries that this Report addresses, the Monitoring Team conducted a preliminary assessment of the City's Submissions and the

ACLU's Objections. The details of that preliminary assessment are attached as **Exhibit 1** to this Report. Overall, the Monitoring Team agreed with the ACLU's objections, but the team also made several additional recommendations.

Meanwhile, the City revised its Submissions in response to the ACLU's Objections. The ACLU then responded to the revised submissions with revised objections. (Neither the revised submissions nor the revised objections have been filed with the Court to the best of the Monitor's knowledge.) Consistent with the February 28th Order, the Monitoring Team has reviewed this latest exchange between the City and the ACLU to determine whether "a subsequent agreement between the parties renders an avenue of inquiry [that the Court directed the Monitor to pursue] unnecessary." (ECF No. 189 at PageID 6734 n.1.) The full review is attached as **Exhibit 2** to this Report and includes the revised submissions and objections themselves as sub-exhibits. That review's impact on the Court's Ordered inquiries is as follows:

> **A.    Determine the extent to which MPD officers receive periodic training as to "other rules of conduct governing such personnel." (Consent Decree § J, ECF No. 151 at PageID 6285.) If the frequency of such training differs by unit, the Monitor should determine the training sequence and / or schedule for each.**

The ACLU is satisfied with the City's latest changes to MPD political intelligence training materials for the Office of Homeland Security, the Real Time Crime Center, and MPD Command Staff. (*See* **Ex. 2**, § 2, pp. 4-8.) As such, it appears to the Monitor that this inquiry is now unnecessary. The Monitoring Team nevertheless offers seven recommendations regarding the MPD's revised training materials. (*See ibid.*) The team also plans to meet with Lt. Colonel David Rudolph, the officer in charge of the MPD Training Academy, to make more specific

inquiries regarding MPD training practices.[1] The team expects to discuss any recommendations that result from this meeting either as part of its First Quarterly Report, to be submitted later this month, or at the scheduled hearing regarding the Submissions and Objections on April 23, 2019. (*See* ECF Nos. 189, 195.)

    **B.**    **Determine the extent to which MPD officers are already trained on First Amendment rights. The Monitor shall also consult with his retained experts and, after they have considered any First Amendment training already received by officers, solicit their opinion as to whether First Amendment concepts should be added to the Consent Decree training and how detailed such explanations should be.**

Please see § A above. The ACLU also is satisfied with the City's latest changes to Departmental Regulation (DR) 138. (*See* **Ex. 2**, § 1, pp. 1-4.) The Monitoring Team nevertheless offers six recommendations regarding the MPD's revisions to DR 138. (*Ibid.*)

    **C.**    **Explain what "crime analysis or situational assessment reports" are, with special attention to whether their use could implicate the Consent Decree. (*See* Proposed Authorization for Investigations Form, ECF no. 185-4 at PageID 6673.)**

The City submitted three documents to the Court concerning authorization for investigations that may result in the incidental collection of political intelligence: **(1)** draft "Guidelines for Delegation of Authority of Director of Police services to Authorize Investigations Which May Interfere with the Exercise of First Amendment Rights under Section G of the *Kendrick* Consent Decree"; **(2)** a draft "Authorization for Investigations Which May Incidentally Result in the Collection of Information Related to the Exercise of First Amendment Rights Under Section G of *Kendrick* Consent Decree"; and **(3)** a draft "Authorization for

---

[1]    A meeting with Lt. Col. Rudolph originally was scheduled for March 27, 2019, but the colonel has been out of town.

Investigations That May Incidentally Result in Political Intelligence." (*See* ECF No. 185.) Relevant here, the City's revisions to the second document include footnotes that define "Situational Assessment Report" and locate the definition for "crime analysis."[2]

The City's revisions to the first document satisfied the ACLU, but the ACLU has made additional recommendations regarding the second and third documents. (*See* **Ex. 2**, § 3, pp. 8-13.) The Monitoring Team agrees with the ACLU's recommendations for the first two documents but feels that the ACLU's recommendations regarding the third document may "intrude[ ] into law enforcement sources and methods, some of which could be secret or sensitive." (*Id.* at p. 12.) The Monitoring Team made two recommendations regarding the first document (pp. 8-9), four recommendations regarding the second document (pp. 10-11), and one recommendation regarding the third document (p. 12), all of which are detailed in **Ex. 2**, § 3.

### D. Conduct a preliminary survey of how, when, and by whom social media is used for investigations by units or individual officers of the Memphis Police Department, outside of the Office of Homeland Security or the Real Time Crime Center.

The ACLU is satisfied with the City's revised written guidelines for the use of manual social media searches and of social media collators. (*See* **Ex. 2**, § 4, pp. 14-18.) As such, it appears to the Monitor that this inquiry is now unnecessary. The Monitoring Team nevertheless offers four recommendations regarding the revised guidelines. (*See ibid.*) Relatedly, the ACLU never has made any objection to the first set of social media search terms submitted by the City. (ECF No. 183.) The Monitoring Team made two recommendations for the terms in its

---

[2] A Situational Assessment Report is "an after-action report of an incident describing the incident, MPD's reaction to the incident, and an analysis of the successes and failures of MPD's reaction to the incident." (**Ex. 2**, Ex. A.) Crime analysis "is the systematic study of crime and disorder problems as well as other police-related issues—including socio-demographic, spatial, and temporal factors—to assist the police in criminal apprehension, crime and disorder reduction, crime prevention, and evaluation." (*Ibid.*)

4

preliminary assessment of the Submissions (*see* **Ex. 1**, § 5, p. 13) and continues to believe them to be appropriate (*see* **Ex. 2**, § 5, pp. 19-20).

## II.
## RECOMMENDATIONS REGARDING HYPOTHETICALS

On February 19, 2019, outside counsel for the City of Memphis asked for input from the Monitoring Team regarding nine hypothetical situations. According to outside counsel and City and MPD personnel, the *Kendrick* Consent Decree and the Court's contempt orders leave the MPD unable to function in critical ways.

On February 22, 2019, Mr. Stanton answered the City's inquiry by letter, noting that "it is outside the purview of the Monitoring Team's mandate to answer hypotheticals posed by the City." He explained further that the Monitoring Team "cannot substitute [its] judgment for that of the Court's or advise the City as to whether some proposed course of actions complies . . . with . . . Court Orders." To address the City's stated need "for more immediate answers to questions concerning exigent circumstances," however, Mr. Stanton invited the City to "propose[ ] alternative protocols for the[ ] nine scenarios" for the Monitoring Team's review.

In response to Mr. Stanton's letter, the City put forward alternative protocols for each of the nine scenarios and two additional scenarios on March 12, 2019. **Exhibit 3** to this Report contains a description of each scenario, the City's current policies that concern each scenario, the City's respective proposed protocols for each scenario, and the Monitoring Team's assessment of and recommendations regarding each proposed protocol. The City's initial inquiry, Mr. Stanton's letter, and the City's alternative protocols are included as sub-exhibits.

Mr. Stanton notes that the City's inquiries are sensitive and that the City has requested that access to the Hypotheticals be restricted for public-safety reasons.

## III.
## CONCLUSION

The Monitor trusts that this Interim Report satisfies the Court's inquiries and looks forward to discussing its recommendations and any additional recommendations that comprise the Monitoring Team's First Quarterly Report at the hearing on April 23, 2019. All members of the Monitoring Team will be present for the hearing.

RESPECTFULLY SUBMITTED, this 1st day of April 2019,

/s/     *Edward L. Stanton III*
Edward L. Stanton III (TN BPR #18904)
BUTLER SNOW LLP
6075 Poplar Avenue, 5th Floor
Memphis, TN  38119
Telephone:  (901) 680-7200
Facsimile: (901) 680-7201
edward.stanton@butlersnow.com