# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ACLU OF TENNESSEE, INC.,  ) | |
| ) | |
| Intervening Plaintiff,  ) | |
| ) | Case No. 2:17-cv-02120-JPM-jay |
| v.  ) | |
| ) | |
| THE CITY OF MEMPHIS,  ) | |
| ) | |
| Defendant.  ) | |

## ORDER UNSEALING THE TRANSCRIPT OF THE AUGUST 27, 2019 IN-CAMERA CONFERENCE

On October 2, 2019, the Court issued an Order to Show Cause Why the Transcript from the August 27, 2019 In-Camera Conference Should Not be Prepared, Docketed, and Made Available to the Public. (ECF No. 228.) The Court ordered both Intervening Plaintiff ACLU of Tennessee (hereinafter "the ACLU") and Defendant City of Memphis (hereinafter "the City") to "show cause by October 15, 2019, why the proceeding in the in-camera conference held on August 27, 2019 should not be transcribed and all or a portion of it be unsealed." (Id. at PageID 7949.)  Defendant City of Memphis filed its Response to the Order to Show Cause on October 15, 2019.  (ECF No. 233.)  Intervening Plaintiff ACLU filed its Response to the Order to Show Cause on October 15, 2019.  (ECF No. 235.)  The Court granted the City an additional 7 days to respond to the Order to Show Cause to supplement its initial Response.  (ECF No. 240.)  The City filed its Supplemental Response on October 29, 2019. (ECF No. 243.)  For the reasons set forth below, the transcript of the August 27, 2019 in-camera conference shall be unsealed and made available to the public.

## I.  Background

The Court held a Status Conference on the Report of the Independent Monitor on August 27, 2019.  (ECF No. 222.)  At the Conference, the City requested an in-camera conference to discuss time-sensitive, security-related matters which required resolution by the Court.  (Id.)  The Court granted the request and held an in-camera conference immediately following the Status Conference.  (ECF No. 222.)  Present for the ACLU were Thomas Castelli and Amber Strickland Floyd.  (Id.)  Present for Defendant City of Memphis were Mark Glover, Jennie Vee Silk, and Mary Tu Willis, as well as City of Memphis Attorney Bruce McMullen.  (Id.)  Edward Stanton, the Independent Monitor, was also present, along with Deputy Monitor Jim Letten.  (Id.)

On September 25, 2019, the City filed its Motion for Immediate Modification of the Kendrick Consent Decree.  (ECF No. 227.)  The City's Motion for Modification raised some of the same issues it raised during the August 27, 2019 in-camera conference.  (Id.)  The Court has now addressed those issues, including the City's participation in the Multi-Agency Gang Unit and the CrimeStoppers program, in its Order Denying Defendant City of Memphis's Sealed Motion for Immediate Modification of the Kendrick Consent Decree. (ECF No. 250.)

## II.  Analysis

The City's Response argues that only certain portions of the transcript of the in-camera conference should be fully unsealed and made available to the public.  (ECF No. 223 at PageID 233.) Both the City and the ACLU agree that the portion of the transcript addressing security issues related to the September 11, 2019 National Public Safety Partnership

2

Symposium and the visit of the Deputy Attorney General of the United States should be fully unsealed. (Defendant's Response, ECF No. 223 at PageID 7999; Plaintiff's Response, ECF No. 235 at PageID 8010; Defendant's Supplemental Response, ECF No. 243 at PageID 8127.) Before addressing the parties' points of disagreement, the Court finds that the portions of the transcript of the in-camera conference relating to the September 11, 2019 National Public Safety Partnership Symposium and the visit of the Deputy Attorney General should be fully unsealed.

The parties disagree as to whether the transcript should be unsealed in its entirety. The City argues that certain portions of the transcript should remain sealed and unavailable to the public, because the Court has yet to rule on the City's Motion for Immediate Modification of Section I of the Kendrick Consent Decree, which raises some of the same issues the City raised with the Court at the in-camera conference. (ECF No. 233 at PageID 7999, 8003.) Additionally, the City in its Supplemental Response provided the Court with a proposed redacted version of the transcript, which avoids mention of the CrimeStoppers program and the Multi-Agency Gang Unit. (ECF No. 243-1.)

It is a long-established legal principle that the public has the "presumptive right . . . to inspect and copy judicial documents and files." In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983) (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978); see Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299, 305 (6th Cir. 2016) (noting the "strong presumption in favor of openness as to court records . . .") (internal quotations omitted). There are, however, "important exceptions which limit the public's right of access to judicial records." Id. A court may deny access to court files when the files "might have become a vehicle for improper purposes," such as the use of files to "gratify

private spite or promote public scandal," or when used to "serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. The district court has "supervisory power over its own records and files" to deny access when such "important exceptions" are present. In re Knoxville, 723 F.2d at 474 (quoting Nixon, 435 U.S. at 598).

The presumption of judicial openness "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. Co. v. Superior Court of California, Riverside County, 464 U.S. 501, 510 (1984). "Only the most compelling reasons can justify non-disclosure of judicial records." In re Knoxville, 723 F.2d at 476. "The party seeking to seal records has the heavy burden of overcoming the 'strong presumption in favor of openness.'" Kondash v. Kia Motors Am., Inc., 767 Fed. App'x 635, 637 (6th Cir. 2019) (quoting Shane Grp., Inc., 825 F.3d at 305). That party must demonstrate three things: (1) "a compelling interest in sealing the records"; (2) "that the interest in sealing outweighs the public's interest in accessing the records"; and (3) "that the request is narrowly tailored." Id. If the party can show a compelling interest in keeping the documents unavailable to the public, then it must demonstrate why those compelling reasons "outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." Id. Meeting this burden requires the defendant to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Shane Grp., Inc., 825 F.3d at 305–06.

The presumption in favor of judicial openness is even stronger when "[t]he public has a strong interest in obtaining the information contained in the court record." Brown & Williamson, 710 F.2d at 1180–81 (overturning the district court's decision to seal litigation

documents that included information on the contents of cigarettes). When in-camera hearings and protective orders involve litigation concerning issues of significant public interest, the burden to overcome the presumption in favor of judicial openness is generally greater than in situations not involving such an interest. Shane Grp., Inc., 825 F.3d at 305 ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."); See Kondash, 767 Fed. App'x at 637 (noting that "interests of public health and safety will often outweigh any confidentiality interests that might be implicated"); see also In re Knoxville, 723 F.2d at 475–77.

The City requests that the Court redact certain portions of the transcript relating to unresolved issues raised in its Motion for Modification. (ECF No. 233 at PageID 8003.) Specifically, the City asserts, "Because the Court has not yet ruled on the City's Motion for Immediate Modification, . . . the City respectfully requests that the portions of the transcript related to questions concerning the City's participation in the [Multi-Agency Gang Unit] and CrimeStoppers be redacted." (Id.) The City further argues, "If the public, and specifically the criminal element of the public, becomes aware that the Consent Decree, as interpreted by the Monitor, prohibits [Memphis Police Department]'s participation in the [Multi-Agency Gang Unit], the [Multi-Agency Gang Unit]'s efficacy could be impaired." (Id.) The City contends that this reasoning also applies to portions of the transcript relating to the CrimeStoppers program. (Id.)

The City has not met its burden to justify keeping the remaining portions of the transcript sealed. The City has not "analyze[d] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Shane Grp., Inc., 825 F.3d at 306–06. Although the City provided in its Supplemental Response a proposed redacted version of the

5

transcript, it did not provide detailed, line-by-line analysis justifying why those redacted portions of the transcript should remain sealed beyond its arguments advanced by the City in its initial Response.  (ECF No. 243 at PageID 8127–28.)   While public safety and the efficacy of law-enforcement activities are compelling interests, the City has not demonstrated that such interests are overridden by the public's strong interest in this litigation.  Id. at 302.  This case implicates First Amendment rights, and specifically concerns actions taken by the City and the Memphis Police Department that touch upon protected First Amendment activities.  Id. at 305 (noting that in cases involving litigation challenging the constitutionality of a statute, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption") (quoting Brown & Williamson, 710 F.2d at 1179).  The public is therefore "entitled to assess for itself the merits of judicial decisions" and "has an interest in ascertaining what evidence and records the District Court . . . [has] relied upon in reaching [its] decisions."  Id. at 305 (quoting Brown & Williamson, 710 F.2d at 1181).

Further, the Court is not persuaded that the information contained in the transcript concerning the CrimeStoppers program and the Multi-Agency Gang Unit presents such a public safety risk as to overcome the public's strong interest in accessing the transcript.  (ECF No. 232.)  The Court was clear that the issues to be addressed by the Court in the in-camera conference were narrow and limited to the September 11, 2019 Symposium.  (Id. at 7996.)  The Court noted that certain issues raised by Defendant during the conference, including the CrimeStoppers program and the Multi-Agency Gang Unit, "might have been discussed differently" and that the Court is generally "trying not to do things in chambers" hidden from public view.  (Id. at PageID 7996.)  Unlike its discussion of the September 11, 2019 Symposium, which posed an immediate security risk to specific individuals, the City's

6

discussion of the CrimeStoppers program and the Multi-Agency Gang Unit neither referenced specific investigations nor named specific persons that would necessitate a closed-door conference out of the public view. The Court did not rule on those issues at the conference. In its November 13, 2019 Order Denying Modification, the Court addresses the CrimeStoppers program and the City's participation in the Multi-Agency Gang Unit in light of the City's obligations under the Kendrick Consent Decree. (ECF No. 250.)

The Court reiterates that "rigorous transparency" is one of the Three Core Principles governing the Independent Monitor's functions. (Submission of Independent Monitor, ECF No. 180-1 at PageID 6559; Independent Monitor's First Quarterly Report, ECF No. 205 at PageID 7065.) "Rigorous transparency" would be disserved by allowing the transcript to remain under seal and unavailable to the public.

The Court therefore finds that Defendant City of Memphis has not carried its burden of demonstrating that certain portions of the transcript from the August 27, 2019 in-camera conference should remain under seal. Those portions of the transcript relate only to certain issues asserted by the City, and not to any rulings on these matters by the Court.

Finally, the Defendant's Supplemental Response brought to the Court's attention certain clerical errors contained in the transcript. (ECF No. 243 at PageID 8128.) The Court has addressed them, and the released transcript will reflect those corrections. See Fed. R. Civ. P. 60(a). (See ECF No. 245.)

### III. Conclusion

For the reasons set forth above, the entirety of the transcript of the August 27, 2019 in-camera conference shall be unsealed and shall be made available to the public for review.

**SO ORDERED**, this 13th day of November, 2019.

      /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE