# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| ACLU OF TENNESSEE, INC., | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-02120-JPM-jay |
| v. | ) | |
| | ) | |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER FOLLOWING CONFERENCE AND

## MODIFICATION SCHEDULING ORDER

This Cause was before the Court on January 2, 2020, for a Telephonic Status Conference to discuss the consent decree modification trial schedule in light of Defendant City of Memphis's (hereinafter "the City") Rule 60(b)(6) motions for modification of the Kendrick Consent Decree. (See Motion to Vacate, ECF No. 124, Motion for Immediate Modification, ECF No. 227; see also Kendrick et al v. Chandler et al, Case No. 76-cv-0049, Consent Decree Order and Judgment, ECF No. 15.) The Court also discussed the City's proposed social media investigation policies submitted by the Independent Monitor on December 20, 2019. (See ECF Nos. 268, 268-1.) Counsel present for Intervenor Plaintiff ACLU of Tennessee, Inc. (hereinafter "ACLU-TN") were Thomas Castelli and Amber Strickland Floyd. Counsel present for the City were R. Mark Glover, Mary Wu Tullis, and Jennie Silk. Ed Stanton, the Independent Monitor, was also present, as were monitoring team member Will Perry and social media expert Rachel Levinson-Waldman.

The Court first addressed the proposed social media investigation policy submitted by the Independent Monitor on December 20, 2019. On November 25, 2019, the City filed an alternative social media policy modeled after the FBI's social media investigative policies. (ECF Nos. 268, 268-1.) The Court heard from Independent Monitor Ed Stanton, who expressed concerns with the City's alternative policy. The Court also heard from Rachel Levinson-Waldman, who provided background on the FBI's development of its social media policies and brought to the Court's attention recent court cases addressing similar FBI investigative guidelines in the context of Foreign Intelligence Surveillance Act ("FISA") investigations. The Monitor shall provide these FISA-related cases to the Court, the City, and the ACLU-TN by no later than **Wednesday, January 9, 2020.**

During the Conference, the City raised its objection to the ACLU-TN's recent ESI-discovery requests in connection with production of information related to the full capabilities of police surveillance equipment currently in-use by the Memphis Police Department.  The City objected to the scope of the ACLU-TN's request.  After discussion with counsel for the ACLU-TN and the City, it appeared that the oral motion by the City to narrow the scope of discovery should be granted.  Specifically, the Plaintiff's request is limited to the disclosure of capabilities of such equipment as it is currently used by the Memphis Police Department.  If in the future the City makes use of additional capabilities beyond those disclosed, the City must provide notice to the ACLU-TN, the Court, and the Independent Monitor specifically identifying each additional capacity and the date on which the City began using that equipment's capacity.[1]

The Court also set the following deadlines in connection with the June 17, 2020 Consent Decree Modification Trial:

**COMPLETING ALL DISCOVERY**:

    **(a) ESI PROTOCOL AGREEMENT: January 8, 2020**
        **(i)**      Exchange of First Draft of ESI Protocol by December 4, 2019.

    **(b) WRITTEN DISCOVERY: January 31, 2020**
        **(i)**      Includes service of written answers to interrogatories, production of all responsive documents, and production of privilege logs.

    **(c) ACLU-TN DEADLINE TO PROVIDE NOTICE OF DEPOSITIONS IT INTENDS TO TAKE: January 13, 2020** (The City anticipates taking one (1) deposition of a non-lawyer with the ACLU-TN)

    **(d) DEPOSITIONS: February 28, 2020**

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    **(a) DISCLOSURE OF THE CITY'S RULE 26(a)(2) EXPERT INFORMATION (the City does not anticipate more than 3 experts): March 6, 2020**

    **(b) DISCLOSURE OF ACLU-TN'S RULE 26(a)(2) EXPERT INFORMATION:  April 13, 2020**

    **(c) DISCLOSURE OF THE CITY'S RULE 26(a)(2) REBUTTAL EXPERT INFORMATION: May 8, 2020**

    **(d) DISCLOSURE OF ACLU-TN'S DEPOSITION OF CITY'S REBUTTAL EXPERT: May 27, 2020**

---

[1] For example, certain video equipment might have the ability to record both video and audio but might be used only for video.  If audio is added later, notice as to that added capability that is being used would have to be disclosed.

**MONITOR'S FINAL REPORT, ANTICIPATED PRESENTATIONS, AND EXPERT ANALYSIS: At least two (2) weeks in advance of the trial.**

**PUBLIC WRITTEN COMMENT PERIOD:**

1. The Court will accept written comments on this matter from **Friday, April 3, 2020** through **Monday, May 4, 2020**.
2. The procedure for written public comments will be set out in a separate order.  The Parties shall submit proposals for the public comment procedure by no later than **January 17, 2020**.

**TRIAL**:

1. The **non-jury trial** in this matter, which is anticipated to last **2 to 3** days, is set to begin on **June 17, 2020, at 9:30 a.m.** in a courtroom to be designated by the District Court courtroom sharing plan.
2. **Trial Briefs** are due by no later than **June 3, 2020, at 4:30 p.m.**

      **SO ORDERED**, this 3rd day of January, 2020.

                         /s/ Jon P. McCalla
                        JON P. McCALLA
                        UNITED STATES DISTRICT JUDGE