# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ACLU OF TENNESSEE, INC., | ) |
| | ) |
| | ) |
| Intervening Plaintiff, | ) |
| | ) No. 2:17-cv-02120-JPM-jay |
| v. | ) |
| | ) |
| CITY OF MEMPHIS, TENNESSEE | ) |
| | ) |
| Defendant. | ) |

**FIRST QUARTER 2020 REPORT OF THE INDEPENDENT MONITOR**

Edward L. Stanton III (TN BPR #18904)
BUTLER SNOW LLP
6075 Poplar Avenue, 5th Floor
Memphis, TN  38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: Edward.Stanton@butlersnow.com

*Independent Monitor*

## **TABLE OF CONTENTS**

I. INTRODUCTION & EXECUTIVE SUMMARY ..........................................................................1

II. OVERVIEW OF THE MONITORING TEAM'S ACTIVITIES ...............................................2

III. REQUESTS FOR AUTHORIZATION & MATTERS BROUGHT BEFORE
  THE COURT ........................................................................................................................4

IV. DISCRETE TASKS, PUBLIC ENGAGEMENT & COVID-19 .............................................7

V. CONCLUSION ....................................................................................................................10

APPENDIX OF DOCUMENTS REFERENCED IN THIS REPORT ..........................................11

# I.
# INTRODUCTION & EXECUTIVE SUMMARY

This First Quarter 2020 (Q1-20) Report follows five prior reports by the Monitoring Team:

- Interim Report (ECF No. 197);

- 2019 First Quarter (Q1) Report (ECF No. 205);

- 2019 Second Quarter (Q2) Report (ECF No. 219);

- 2019 Q2 Supplemental Report (Q2 Supplement) (*see* **Exhibit 1**—submitted on August 26, 2019, but not yet docketed); and

- 2019 Third Quarter (Q3) Report (ECF No. 256, docketed without submitted exhibits).

It covers the period from November 20, 2019 (the date that the team submitted its Q3 Report) to March 31, 2020, and fulfills three goals. ***First***, this Q1-20 Report provides an overview of the Monitoring Team's activities. ***Second***, the Report identifies the various requests for authorization (RFAs) from the City to which the Monitoring Team has responded and summarizes the RFAs and other matters pertaining to the Consent Decree that have been brought before the Court for resolution. ***Third and finally***, this Report provides updates regarding the following: (1) the discrete tasks that the Court has directed the Monitoring Team to complete to help restore Defendant City of Memphis (City) to compliance with the *Kendrick* Consent Decree; (2) the Monitoring Team's public-engagement efforts; and (3) and the impact of the COVID-19 pandemic on those efforts.[1]

---

[1]   The Consent Decree is ECF No. 3 in Case No. 2:76-cv-000449 before this Court and has been made publicly available on the Monitoring Team's website, www.memphispdmonitor.com. All docketed and unsealed reports (and exhibits) of the Monitoring Team and selected Orders of the Court are available on www.memphispdmonitor.com.

1

## II.
## OVERVIEW OF THE MONITORING TEAM'S ACTIVITIES

Since the submission of its Q3 Report on November 20, 2019, the Monitoring Team has done the following:

- Exchanged more than 1,500 internal and external emails.

- Conducted 18 weekly Monitoring Team conference calls and additional ad hoc calls as necessary; participated in more than 20 weekly and ad hoc calls with the City; and joined scheduled and ad hoc calls with Intervening Plaintiff ACLU of Tennessee, Inc. (ACLU-TN).

- Appeared before the Court, in person or telephonically, or otherwise brought matters to the Court's attention, seven times: November 21, 2019;[2] November 26, 2019;[3] December 20, 2019;[4] January 2, 2020;[5] January 8, 2020;[6] and February 28, 2020 (2).[7]

- Conducted in-person Monitoring Team meetings on November 21, 2019, and March 10, 2020.

- Conducted various calls with Dr. Sheila Peters of Fisk University (Dr. Peters) and a joint call with the City, the ACLU-TN, and Dr. Peters regarding the protocol for focus groups on December 20, 2019.

---

[2]   (*See* Order, ECF No. 259.)

[3]   (*See* Text Order, ECF No. 265; Letter from E. Stanton to Court re: the City's Social-Media Policy, attached as **Exhibit 2**.)

[4]   (*See* Notice by the City, ECF No. 268; Letter from E. Stanton to Court re: alternate versions of the City's Social-Media Policy, attached as **Exhibit 3**; *see also* City's and ACLU-TN's Written Comments re: Social-Media Policy, ECF Nos. 270 & 271.)

[5]   (*See* Orders, ECF Nos. 269 & 273.)

[6]   (*See* Letter from E. Stanton to Court re: FISA Opinions, attached as **Exhibit 4**; *see also* City's Motions for Leave to respond to Letter, Sealed ECF No. 277 & ECF No. 278; Order re: Motions, ECF No. 281; and City's Response to Letter, ECF No. 282.)

[7]   (*See* Orders & Setting Letter re: New Deadlines, ECF Nos. 285-287, 293; Letter from E. Stanton to the Court re: Sanction 5, attached as **Exhibit 5**; City's Motion for Hearing, ECF No. 289; Order Setting Hearing & Setting Letter, ECF Nos. 290 & 291; City's Motion to Seal Documents, ECF No. 296; City's Pre-Hearing Brief, ECF No. 297; ACLU-TN Response in Opp'n to Sealing, ECF No. 298; *see also* Order Setting Video Hearing, ECF No. 310.)

- Worked with the City to schedule a remote meeting with Major Darren Goods, head of the Memphis Police Department (MPD)'s Multi-Agency Gang Unit (MGU).

- Tracked more than 580 hours of Monitoring Team time. (*See, e.g.,* ECF Nos. 267, 276, 284, 299, 307.)

- Hosted a third community engagement forum on March 10, 2020, at the Benjamin L. Hooks Central Library, located at 3030 Poplar Avenue, Memphis, TN 38111.[8]

- Conferred via email, telephone, and www.memphispdmonitor.com with multiple community members.[9]

- Posted Public Comment Procedure Protocols on a new "Trial & Public Comment" Page on www.memphispdmonitor.com and notified the press and community contacts about the protocols.[10]

- Provided real-time responses to RFAs for discrete MPD activity or clarifications regarding the same on four occasions: December 19, 2019;[11] January 19, 2020;[12] March 21, 2020;[13] and March 27, 2020.[14]

---

[8] *See, e.g., "*Third Public Forum to be Held in Memphis Police Spy Case," February 3, 2020, *available at* https://dailymemphian.com/article/10460/third-public-forum-to-be-held-in-memphis-police; Press Release, attached as **Exhibit 6**; Agenda, attached as **Exhibit 7**.

[9] In one instance, the Monitor was able to resolve a potential dispute between a community member, H.D., and the City concerning one of the City's RFAs. *See infra* note 12 and accompanying text.

[10] (*See* **Ex. 7**; Email of April 23, 2020, to Community Contacts and Press, attached as **Exhibit 8**.)

[11] (*See* Emails between E. Stanton and B. McMullen of December 17 & 19, 2019, attached as **Exhibit 9**.)

[12] (*See* Emails between E. Stanton and J. Sink of January 17-19, 2020, attached as **Exhibit 10**.)

[13] (*See* Emails between E. Stanton and J. Sink of March 20-21 & 23, 2020, attached as **Exhibit 11**.) The City subsequently objected to the Monitor's resolution of this request. (*See* ECF Nos. 300.) The Court responded by Ordering a telephonic hearing on the objections, which was held on April 1, 2010 (*see* ECF Nos. 300-01, 304), and after which the City's objections were overruled (ECF No. 305).

[14] (*See* Emails between E. Stanton and J. Sink of March 27, 2020, attached as **Exhibit 12**.)

These and ongoing activities of the Monitoring Team are described in greater detail where relevant to the discrete tasks, RFAs, and community-engagement efforts discussed below.

## III.
## REQUESTS FOR AUTHORIZATION & MATTERS BROUGHT BEFORE THE COURT

This reporting period saw fewer RFAs from the City than the last—4 compared to 10. Rather than duplicate discussion of the issues raised by those RFAs, this Q1-20 Report attaches the relevant correspondence for each RFA as follows:

- December 19, 2019;[15]
- January 19, 2020;[16]
- March 21, 2020;[17] and
- March 27, 2020.[18]

There was, however, an increase in the number of matters brought directly before the Court. During the last reporting period there were five such matters.[19] During this reporting period there were seven.[20] Some of these matters were "appeals" by the City from resolutions by

---

[15] *See supra* note 11 and accompanying text.

[16] *See supra* note 12 and accompanying text.

[17] *See supra* note 13 and accompanying text.

[18] *See supra* note 14 and accompanying text.

[19] Those matters were as follows: (1) the City's handling of a Labor Day Parade (*see* Ex. 18, Q3 Report); (2) the September and October 2019 submissions of community members who attended the August 27, 2019, hearing (*see* Ex. 7, Q3 Report); (3) the October 23, 2019, submission of the Monitoring Team's final recommendations regarding the City's proposed policies, protocols, and training guidelines;  (4) the Monitor's request for an extension of the timeline for completing focus groups, which was granted (*see* Order, ECF No. 241); and (5) the City's Motion for Immediate Modification of the Consent Decree, which was denied (*see* Order, ECF No. 250).

[20] *See supra* notes 2-7; *see also supra* note 13 and accompanying text for an eighth matter presented to the Court at the beginning of April.

4

the Monitor,[21] while others were brought to the Court's attention by the Monitor. Summaries of each matter, all referenced briefly in Section II, above, are as follows:

- November 21, 2019:[22] The full Monitoring Team appeared before the Court to present the Q3 Report's findings. Subject-Matter Experts Rachel Levinson-Waldman and David McGriff provided testimony. Among other things, the Court Ordered the Monitor and the City jointly to submit the City's proposed social-media policy no later than November 26, 2019.

- November 26, 2019:[23] The Monitor requested additional time for the Monitoring Team to review several revisions to the social-media policy that were proposed by the City on November 25, 2019, the day before the policy was due to the Court. According to the City, the revisions were based on Mrs. Levinson-Waldman's testimony at the November 21, 2019, hearing and the survey of federal social-media policies that were attached as Exhibit 6 to the Q3 Report.[24] The Court granted the request.

- December 20, 2019:[25] The Monitor explained that the Monitoring Team and the City were unable to agree on a version of the social-media policy to present to the Court. The Monitoring Team preferred the version of the policy that existed before the City's November 25, 2019, revisions, and the City preferred the revised version. The Monitor submitted both versions to the Court, along with the Monitoring Team's objections to the City's proposed revisions. The City also filed a notice with the Court regarding the competing

---

[21]    As the Court has explained,

The first step is always to go to the monitor's team and seek their input, but sometimes the monitor may say, on this issue we need to petition the Court on it, and that's fine. And, then, sometimes, [the City] may disagree, either one of the parties in this case might disagree with either the resolution—or the resolution, and so, in essence, it's like an appeal, but you just need to say we request the Court to review X, and we will.

(Hr'g Tr., ECF No. 207, PageID # 7189: 16-25.)

[22]    *See supra* note 2 and accompanying text.

[23]    *See supra* note 3 and accompanying text.

[24]    The Q3 Report is docketed as ECF No. 256, but the Court has not docketed the exhibits to that report.

[25]    *See supra* note 4 and accompanying text.

5

versions. Finally, the Court invited the City and the ACLU-TN to offer written comments on the proposed policies.

- January 2, 2020:[26] The Court expanded a telephonic status conference about scheduling to include discussion of the competing versions of the social media policy. Mrs. Levinson-Waldman testified during the conference, after which the Court Ordered the Monitor to provide to the Court for consideration several Foreign Intelligence Surveillance Act (FISA) opinions that Mrs. Levinson-Waldman referenced during her testimony.

- January 8, 2020:[27] The Monitor provided the requested FISA opinions to the Court, along with a letter explaining the relevance of the opinions to the Monitoring Team's objections to the City's proposed revisions to its social-media policy. The City then requested permission to respond to the opinions and the letter, which the Court granted.

- February 28, 2020 (1):[28] On February 26, 2020, the Court scheduled a telephonic status conference for Friday, February 28, 2020, to discuss the City's motion to extend certain deadlines. The Monitor participated in that conference because some of the deadlines applied to the Monitoring Team. The Amended Scheduling Order that the Court ultimately entered included a deadline for the Monitor to make a final pretrial report and provide any anticipated presentations and expert analysis two weeks before the trial of this matter, which is scheduled for June 17, 2020. The Order also included deadlines for the submission of written comments from the public, the protocol for which the Order stated would be set out in a separate Order. (*See* ECF No. 295 & Section IV, below.)

- February 28, 2020 (2):[29] Also on February 28, 2020, the Monitor informed the Court by letter that he believed the City to have departed from Sanction 5 of the Court's Sanctions Order (ECF No. 152). Included with the Monitor's letter were correspondence with the City and the ACLU-TN about the alleged Sanction 5 departure, a request to the Court that the correspondence be made public, and a request for a hearing. The City subsequently filed motions requesting an expedited hearing and the sealing or redaction of the

---

[26] *See supra* note 5 and accompanying text.

[27] *See supra* note 6 and accompanying text.

[28] *See supra* note 7 and accompanying text.

[29] *Ibid*.

6

correspondence. The ACLU-TN filed a response in opposition to sealing. The Court scheduled a hearing on the alleged Sanction 5 departure for March 17, 2020, before which the City filed a pre-hearing brief on March 13, 2020. But the hearing was cancelled due to the COVID-19 pandemic. The hearing has been rescheduled, to occur via video, for May 14, 2020.

## IV.
## DISCRETE TASKS, PUBLIC ENGAGEMENT & COVID-19

The Court has held three hearings on the status of the Monitoring Team's efforts to help restore the City to compliance with the *Kendrick* Consent Decree, on April 23, 2019 (*see* Order, ECF No. 203); August 27, 2019 (*see* Order, ECF No. 225); and November 21, 2019 (*see* Order, ECF No. 259). At each hearing, the Court identified specific tasks for the Monitoring Team to complete. All of those tasks except one—focus groups—either have been completed or are awaiting approval by the Court. The status of each task is as follows:

| Apr. 23, 2019, Hearing | | Aug. 27, 2019, Hearing | | Nov. 21, 2019, Hearing | |
|---|---|---|---|---|---|
| TASK | STATUS | TASK | STATUS | TASK | STATUS |
| Submission of 90-Day Goals. | **Complete**: ECF No. 208. | Submission of Audit & Compliance Plan for the City. | **Complete**: Submitted on August 2, 2019.[30] Awaiting Court approval. | Submission of final draft of the City's proposed social media policy. | **Incomplete**: Competing submissions made by the Monitoring Team and the City on December 20, 2019, along with supplemental submissions on January 8 and February 5, 2020.[31] Awaiting resolution by the Court. |
| Submission | **Complete**: | Implementation | **Incomplete**: | | |

*See supra* notes 4–6 and accompanying text.

7

| | | | | | |
|---|---|---|---|---|---|
| of Joint Public Engagement Plan. | ECF No. 211. | of Audit & Compliance Plan. | Awaiting Court approval. | | |
| Submission of Second Quarterly Report, tracking progress towards 90-Day Goals. | **Complete**: ECF No. 219; *see also* Q2 Supplement (undocketed), **Ex. 1.** | Submission of final review of the City's proposed policies, protocols, and training guidelines. | **Complete**: Final Monitoring Team recommendations submitted to the Court on October 23, 2019.[32] | | |
| | | Focus Groups. | **Incomplete**: Begun in February 2020 but interrupted by COVID-19 pandemic.<br><br>Update to be provided by Dr. Peters. | | |
| | | Submission of survey of federal social-media policies. | **Complete**: Submitted November 20, 2019.[33] | | |
| | | Submission of comments from hearing attendees. | **Complete**: Submitted September 26, 2019, and October 4, 2019.[34] | | |

Completion of the focus groups began in February 2020, but was interrupted by the COVID-19 pandemic, which likewise caused the cancellation of the Court's initial hearing on

---

[32] *See* Exs. 1 & 3, Q3 Report, ECF No. 256, attached again here as **Exhibit 14 & 15**; *see also supra* notes 19 & 24 and accompanying text.

[33] *See* Ex. 6, Q3 Report, ECF No. 256, attached again here as **Exhibit 16**; *see also supra* note 24 and accompanying text.

[34] *See* Ex. 7, Q3 Report, ECF No. 256, attached again here as **Exhibit 17**; *see also supra* note 24 and accompanying text.

the City's alleged departure from Sanction 5.[35] Dr. Peters, who is conducting the focus groups, will update the Monitoring Team, the parties, and the Court on the status of the focus groups and contemplated next steps. (*See* ECF No. 241.)

The Monitoring Team's other public engagement efforts also have been impacted by COVID-19. Turnout at the third community forum, held on March 10, 2020,[36] was much lower than turnout at the first and second forums, and two members of the Monitoring Team (Mrs. Levinson-Waldman and Dr. Theron Bowman) were also unable to attend the forum due to COVID-19 concerns.[37] As was the case with the Court's August 2019 request for public input,[38] several community members have submitted comments regarding proposed modifications to the Consent Decree during the Court's month-long (April 3-May 4, 2020) pretrial Public Comment Period.[39] Because the Public Comment Period was announced on March 3, 2020, however, just as the COVID-19 pandemic was beginning to take its toll on the City, members of the public have requested an extension of the May 4, 2020, deadline to allow for the submission of additional comments. The Independent Monitor will send separate correspondence to the Court that details this request.

The Monitoring Team's final, pretrial report[40] will include a comprehensive recitation of the team's community engagement efforts, the successes and failures of those efforts, and

---

[35]     *See supra* note 7 and accompanying text; Section III, *supra*, at pp. 6-7.

[36]     *See supra* note 8 and accompanying text

[37]     It also should be noted that the March 10, 2020, community forum took place at a different location (the Benjamin L. Hooks Central Library) from the first two community forums (Mississippi Boulevard Christian Church), and that several attendees complained that they received little to no notice, or inaccurate notice of the forum, despite its having been publicized more than one month in advance. *See supra* note 8 and accompanying text.

[38]     *See supra* note 34 and accompanying text.

[39]     (*See* Order, ECF No. 295; *see also supra* notes 8 & 10 and accompanying text.)

[40]     (*See* Order, ECF No. 293; *see also supra* note 7 and accompanying text.)

recommendations of the team's subject-matter experts and community members. But it is worth noting here that in almost every single encounter that the Monitoring Team has had with community members—via email, the Monitoring Team website, at community forums, and during one-on-one and group meetings—members have reiterated the request that the team be broadened to include one or more "lay" community members.[41]

As always, the Monitoring Team submits this recommendation and the others that it has received from the community for consideration by the Court.

## V.
## CONCLUSION

The Independent Monitor and the Monitoring Team look forward to discussing this Report and any subsequent developments at the trial of this matter on June 17, 2020, or at any other time that the Court deems appropriate.

RESPECTFULLY SUBMITTED, this 6th day of May 2020,

/s/ *Edward L. Stanton III*
Edward L. Stanton III (TN BPR #18904)
BUTLER SNOW LLP
6075 Poplar Avenue, 5th Floor
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: Edward.Stanton@butlersnow.com

*Independent Monitor*

---

[41] (*See* Q2 Report, ECF No. 219, PageID # 7589; Q3 Report, ECF No. 256, PageID # 8504.)

## APPENDIX OF DOCUMENTS REFERENCED IN THIS REPORT

| Doc. | Description | Pages |
|---|---|---|
| **Ex. 1** | 2019 Q2 Supplemental Report | 1, 8 |
| **Ex. 2** | November 26, 2019, Letter from E. Stanton to Court re: City's Social-Media Policy | 2 |
| **Ex. 3** | December 20, 2019, Letter from E. Stanton to Court re: Alternate Versions of City's Social-Media Policy | 2 |
| **Ex. 4** | January 8, 2020, Letter from E. Stanton to Court re: FISA Opinions | 2 |
| **Ex. 5** | February 28, 2020, Letter from E. Stanton to the Court re: Sanction 5 | 2 |
| **Ex. 6** | March 9, 2020, Press Release re: Third Community Forum | 3 |
| **Ex. 7** | March 10, 2020, Community Engagement Forum Agenda | 3 |
| **Ex. 8** | Monitoring Team Email of April 23, 2020, to Community Contacts and Press | 3 |
| **Ex. 9** | Emails between E. Stanton and B. McMullen of December 17 & 19, 2019 | 3 |
| **Ex. 10** | Emails between E. Stanton and J. Sink of January 17-19, 2020 | 3 |
| **Ex. 11** | Emails between E. Stanton and J. Sink of March 20-21 & 23, 2020 | 3 |
| **Ex. 12** | Emails between E. Stanton and J. Sink of March 27, 2020 | 3 |

| Doc. | Description | Pages |
|---|---|---|
| **Ex. 13** | Exhibit 2 to Q3 Report | 7 |
| **Ex. 14** | Exhibit 1 to Q3 Report | 8 |
| **Ex. 15** | Exhibit 3 to Q3 Report | 8 |
| **Ex. 16** | Exhibit 6 to Q3 Report | 8 |
| **Ex. 17** | Exhibit 7 to Q3 Report | 8 |
| ECF No. 3, Case No. 2:76-cv-000449 | *Kendrick* Consent Decree | 1, 7 |
| ECF No. 152 | Order Memorializing Sanctions (October 29, 2018) | 6 |
| ECF No. 197 | Monitoring Team's Interim Report | 1 |
| ECF No. 203 | Order Following April 23, 2019, Hearing | 7 |
| ECF No. 205 | Monitoring Team's Q1 Report | 1 |
| ECF No. 207 | Transcript of April 23, 2019, Hearing | 5 |
| ECF No. 208 | Monitoring Team's Ninety-Day Goals | 7 |
| ECF No. 211 | Joint Public Engagement Plan | 8 |
| ECF No. 219 | Monitoring Team's Q2 Report | 1, 8, 10 |
| ECF No. 225 | Order Following August 27, 2019, Hearing | 7 |

| Doc. | Description | Pages |
|---|---|---|
| ECF No. 241 | Order Extending the Deadline for Completion of Focus Groups | 4, 9 |
| ECF No. 250 | Order Denying the City's Motion for Immediate Modification of the Consent Decree. | 4 |
| ECF No. 256 | Monitoring Team's Q3 Report | *passim* |
| ECF No. 259 | Order Following November 21, 2019, Hearing | 2, 7 |
| ECF No. 265 | Text Order – Final Draft of Proposed Social-Media Policy Deadline | 2 |
| ECF No. 267 | Sealed Order on Costs of the Independent Monitor | 3 |
| ECF No. 268 | Notice by the City re: Proposed Social-Media Policy | 2 |
| ECF No. 269 | Order Expanding Scope of January 2, 2020, Conference | 2 |
| ECF No. 270 | Notice of City of Memphis's Written Comments re: Proposed Social-Media Policy | 2 |
| ECF No. 271 | Notice by ACLU Written Comments re: Proposed Social-Media Policy | 2 |
| ECF No. 273 | Order Following January 2, 2020, Telephonic Conference | 2 |
| ECF No. 276 | Sealed Order on Costs of the Independent Monitor | 3 |
| ECF No. 277 | City's Sealed Motion for Leave to Respond to Monitor's Letter of January 8, 2020 (incorrectly filed) | 2 |

| Doc. | Description | Pages |
|---|---|---|
| ECF No. 278 | City's Sealed Motion for Leave to Respond to Monitor's Letter of January 8, 2020 (corrected filing) | 2 |
| ECF No. 281 | Order Granting City's Motion for Leave to Respond | 2 |
| ECF No. 282 | City's Reply to Independent Monitor's Letter of January 8, 2020 | 2 |
| ECF No. 284 | Order on Costs of the Independent Monitor | 3 |
| ECF No. 285 | Order Setting Telephonic Status Conference | 2 |
| ECF No. 286 | Setting Letter for Telephonic Status Conference | 2 |
| ECF No. 287 | Restated Final Scheduling Order | 2 |
| ECF No. 289 | City's Motion for Hearing | 2 |
| ECF No. 290 | Order Setting Hearing | 2 |
| ECF No. 291 | Setting Letter | 2 |
| ECF No. 293 | Amended Final Scheduling Order | 2, 10 |
| ECF No. 295 | Order Adopting Public Comment Period | 6, 9 |
| ECF No. 296 | City's Motion to Seal Documents or Allow Redactions Before Docketing Publicly | 2 |
| ECF No. 297 | City's Pre-Hearing Brief | 2 |

| Doc. | Description | Pages |
|---|---|---|
| ECF No. 298 | ACLU-TN's Response in Opposition to Motion to Seal Documents or Allow Redactions Before Docketing Publicly | 2 |
| ECF No. 299 | Order on Costs of Independent Monitor | 3 |
| ECF No. 300 | City's Objections to Monitor's Response to Request for Authority to Use Cameras at COVID Testing Site | 3 |
| ECF No. 301 | Order Setting Telephonic Objections Hearing | 3 |
| ECF No. 304 | Witness List for Telephonic Objections Hearing | 3 |
| ECF No. 305 | Order on the City's Objections | 3 |
| ECF No. 307 | Order on Costs of Independent Monitor | 3 |
| ECF No. 310 | Order Setting Video Hearing | 2 |

52896274.v1