# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHAN KENDRICK, ET AL,

    Plaintiffs,

vs.

H. CHANDLER, et al

CIVIL ACTION
NO.  c-76-449

### PROPOSED MODIFIED ORDER, JUDGMENT AND DECREE

    Plaintiffs, Chan Kendrick, Mike Honey, and the American Civil Liberties Union in West Tennessee, Inc., ~~having~~ commenced this action on or about September 14, 1976, against defendants, Wyeth Chandler, Mayor of the City of Memphis, W. O. Crumby, Chief of Police and Acting Director of Police of the City of Memphis, P. T. Ryan, Captain of the Intelligence Section of the Memphis Police Department, and George W. Hutchison, Chief of Operations of the Memphis Police Department, individually and in their official capacities~~, and the court having determined by Order dated~~.  On September ~~23~~14, 1978, ~~1977 that the pleadings are sufficient to state a cognizable claim for relief, and the parties having waived hearing, findings of fact and conclusions of law, and defendants having consented to entry without further notice of the within~~ with consent of the defendants, an Order, Judgment and Decree was entered in the above-captioned matter (hereinafter "~~Decree"):~~Consent Decree").

    On March 3, 2017, the ACLU of Tennessee, Inc. ("ACLU-TN") filed an intervening Complaint which challenged the City's compliance with the Consent Decree (Case No. 2:17-cv-02120-JPM-DKV).  On August 15, 2018, the Court entered summary judgment in favor of ACLU-

TN on certain claims in the litigation (*see* ECF No. 120), while reserving ruling on the other issues identified in that Order. On October 26, 2018, the Court entered an Order as to all remaining issue and found the City in contempt of the Decree in several respects and issued sanctions. (ECF No. 151.) The Court also ordered the appointment of an independent monitor to oversee the City's compliance with the Decree.  (*Id.*; ECF No. 176.)

~~NOW, THEREFORE, on application of Jack D. Novi, Esquare, American Civil Liberties Union Foundation; Bruce S. Kramer, Esquire, American Civil Liberties Union in West Tennessee, Inc. and Alex Hurder, attorneys for the plaintiffs, and upon consent of defendants, it is ORDERED, ADJUDGED AND DECREED  as follows:~~

The parties engaged in mediation and agreed that modifications to the Consent Decree are reasonable given the changing technologies available to law enforcement, the advent of and pervasive use of social media in today's world, as well as the continuing responsibility of law enforcement agencies to guard against infringement of the First Amendment rights of citizens, which was the basis for entry of the Consent Decree in the first place. Effective upon execution of this Order, with respect to any affirmative obligations imposed on the defendant City of Memphis and its Police Division, the Consent Decree shall be superseded and replaced for all purposes with this modified and amended Consent Decree as follows:

**A.** ~~A.~~**Statement of General Principles**

The defendants herein deny that they have acted illegally in any manner but agree to the terms hereinafter set out in order to dispose of the controversy between the parties.

The provisions of this Decree prohibit the defendants and the City of Memphis from engaging in law enforcement activities which interfere with any person's rights protected by the First

Amendment to the United States Constitution including, but not limited to, the rights to communicate an idea or belief, to speak and dissent freely, to write and to publish and to associate privately and publicly for any lawful purpose.

Furthermore, even in connection with the investigation of criminal conduct, the defendants and the City of Memphis must appropriately limit all law enforcement activities so as not to infringe on any person's First Amendment rights.

### ~~b~~**B**.    **Definitions**

1.   ~~1.~~"First Amendment rights" means right protected by the First Amendment to the constitution of the United States, including, but not limited to, the rights to communicate an idea or belief, to speak and dissent freely, to write and to publish, and to associate privately and publicly for any lawful purpose.

2.   ~~2.~~The "City of Memphis" means all present and future official, employees and any other agents, and all departments, divisions and any other agencies, of the City of Memphis, Tennessee.

3.   "Legitimate Law Enforcement Purpose" means an activity conducted for the purpose of furthering the prevention of crime and/or ensuring the safety of the public and law enforcement personnel, while adhering to law and agency policy designed to protect the privacy, free speech, association, and other civil rights and civil liberties of all people.~~3.~~

4.   "Person" means any individual, group or organization.

5.   ~~4."Political~~ "First Amendment-Related Intelligence" ~~means~~ is the gathering, indexing, filing, maintenance, storage~~,~~, or dissemination of information~~,~~ or any other investigative activity~~, relating to any~~ which is undertaken due to or on the basis of a person's beliefs, opinions, ~~association or other exercise of~~ associations or the content of the speech or expression protected by the First Amendment ~~rights~~.~~5.~~

6. "Defendants" means defendants Chandler, Crumby, Ryan and Hutchinson and their successors in office.

7. "Social Media" means forms of electronic communication such as websites for social networking and microblogging through which users create online communities to share information, ideas, personal messages, and other content such as photos and videos.

8. "Undercover Account" means an online alias to search or engage in interactions with a person via social media sites that may or may not be in the public domain.

C. ~~Political~~ **First Amendment-Related Intelligence**

1. ~~1.~~ The defendants and the City of Memphis shall not engage in First Amendment-Related intelligence, except as otherwise provided for by Section G below.

2. The defendants and the City of Memphis shall not operate or maintain any office, division, bureau or any other unit for the purpose of engaging in ~~political~~ First Amendment-Related intelligence.

D. **Prohibition Against Electronic Surveillance for ~~Political~~ First Amendment-Related Intelligence.**

1. The defendants and the City of Memphis shall not intercept, record, transcribe or otherwise interfere with any communication by means of electronic surveillance for the purpose of ~~political~~ First Amendment-Related intelligence.

~~The defendants and the City of Memphis shall not intercept, record, transcribe or otherwise interfere with any communication by means of electronic surveillance for the purpose of political intelligence.~~

2. The Memphis Police Department may view information posted to social media for legitimate law enforcement purposes, so long as it does not improperly catalog and disseminate that information pursuant to Section H. This viewing of information posted to social media includes

conducting threat assessments. There are further situations where the Memphis Police Department may inadvertently discover information related to the exercise of First Amendment rights as defined by the Consent Decree because of the very nature of social media. The Memphis Police Department may not, however, surveil groups or persons involved in the exercise of their First Amendment rights for the purpose of First Amendment-Related intelligence except as provided in subsection G of this Decree.

    3.    If the Memphis Police Department gathers First Amendment-Related intelligence concerning an upcoming event on social media or otherwise, and if there is no Legitimate Law Enforcement Purpose to retain the intelligence, once the event has passed, the information gathered shall be destroyed or removed.

    E.    **Prohibition Against ~~covert~~ Covert Surveillance for ~~Political Intelligence~~Political First Amendment-Related Intelligence.**

    1.    The defendants and the City of Memphis shall not recruit, solicit, place, maintain or employ an informant for ~~political~~ the purpose of First Amendment-Related intelligence; nor shall any officer, employee or agent of the City of Memphis, for the purpose of ~~political~~ First Amendment-Related intelligence, infiltrate or pose as a member of any group or organization exercising First Amendment rights.

    2.    The Memphis Police Department may employ "undercover accounts" on social media when investigating criminal activity. The Memphis Police Department may not, however, create social media accounts for the purpose of First Amendment-Related intelligence.

        a.    If First Amendment-protected information is gathered through the use of an undercover social media account, such information shall not be retained unless necessary to further a criminal investigation.

      b.   The Memphis Police Department will implement supervisory controls to ensure all undercover social media accounts are not being used or created to violate this Consent Decree or otherwise infiltrate or identify groups expressing their First Amendment rights.

    F.    **Harassment and Intimidation Prohibited.**

    1.   The defendants and the City of Memphis shall not disrupt, discredit, interfere with or otherwise harass any person exercising First Amendment rights.  Among other things, the City of Memphis shall not disseminate damaging, derogatory, false or anonymous information about any person for the purpose of First Amendment-Related intelligence, or attempt to provoke disagreement, dissention or violence between persons.

    2.   The defendants and the City of Memphis shall not engage in any action for the purpose of, or reasonably having the effect of, deterring any person from exercising First Amendment rights.  As an example, the City of Memphis shall not, at any lawful meeting or demonstration, for the purpose of chilling the exercise of First Amendment rights or for the purpose of maintaining a record of persons exercising their First Amendment rights, record the name of or photograph any person in attendance, or record the automobile license plate numbers of any person in attendance.

    3.   The Memphis Police Department may have officers present at gatherings of persons engaged in First Amendment activity for the purpose of ensuring public safety, as long as the Memphis Police Department's presence is not for the purpose of, or may reasonably have the effect of, harassment or intimidation.

    4.   Nothing in this provision prohibits the City from implementing reasonable time, place, and manner restrictions on First Amendment activities.

### ~~G.Criminal~~ G. Investigations Which May Interfere with the Exercise of First Amendment Rights

1. Investigations and intelligence-gathering which are reasonably unlikely to result in the collection of information about the exercise of First Amendment rights, or interfere in any way with the exercise of such First Amendment rights are permissible and require no special authorization under Section G. If, for example, an investigation or gathering of intelligence is based on an articulable suspicion of criminal activity, such as illegal drug dealing or the unlawful use of weapons, this directive does not require special authorization for that investigation/intelligence gathering unless and until the investigation is reasonably likely to result in the collection of information about the exercise of First Amendment rights, or interfere in any way with the exercise of such First Amendment rights.

2. The Consent Decree does not require Director authorization under § G to begin investigations on social media, only those that are reasonably likely to result in the collection of information about the exercise of First Amendment rights or interfere in any way with the exercise of such First Amendment rights. Where a social media investigation is based on the content of the speech or other expression, however, authorization is always required as outlined below.

3. Certain criminal investigations prompted by or based upon the content of a person's speech or other expression, whether written or oral, are permitted provided that there is a legitimate law enforcement purpose for doing so. If an investigation is prompted by or based upon a person's speech or other expression for a legitimate law enforcement purpose, the investigation is permissible but always requires authorization as outlined in this section.

4. ~~1.~~Any police officer conducting or supervising a lawful investigation of criminal conduct~~ ~~, which investigation ~~may result in the collection of information about the exercise of First Amendment rights,~~ is reasonably likely to result in the collection of information about the exercise

of First Amendment rights or interfere in any way with the exercise of such First Amendment rights, must immediately bring such investigation to the attention of the Memphis Director of Police or a designee of the Director of Police for review and authorization.

  5. The Director of Police may appoint designees to authorize investigations under § G so long as they receive regular training on the Consent Decree and the Director of Police exercises periodic review and oversight of the designees.

  6. 2.The When an authorization is required under this Section, the Director of Police or his/her designee shall review the factual basis for the investigation and the investigative techniques to be employed.  the The Director of Police or his/her designee shall issue a written authorization for an investigation for a period not to exceed ninety (90) days only if the Director of Police makes written findings that:

    a. a.The investigation does not violate the provisions of this Decree; and

    b. b.the expected collection of information about, or interference with, First Amendment rights is unavoidably necessary for the proper conduct of the investigation; and

    c. c.Every reasonable precaution has been employed to minimize the collection of information about, or interference with, First Amendment rights; and

    d. d.The investigation employs the least intrusive technique necessary to obtain the information.

  7. 3.The Director of Police or his/her designee may authorize an extension of such investigation for an additional period specified by the Director of Police or his/her designee not to exceed ninety (90) days.  The Director of Police or his/her designee shall authorize each such extension only if the Director of Police re0evaluates or his/her designee reevaluates the factual

basis for the investigation and the investigative techniques to be employed, and makes current written findings as required in Paragraph 2, above.

8. There are certain types of crimes that occur exclusively on the Internet that are purely criminal. While these crimes may in some instances tangentially implicate the First Amendment, Director authorization under § G is not required to investigate those crimes. Examples of such cybercrimes are, including but not limited to, child pornography; identity theft; unauthorized intrusions into private networks; deployment of computer viruses; and cyberbullying. Such investigations will be subject to Director/Designee audit bi-annually. In the event that an investigation directly implicates First Amendment activity or may result in the gathering of First Amendment-Related Intelligence, Section G would apply.

H. **Maintenance and Dissemination of Information**

1. The defendants and the City of Memphis shall not maintain personal information about any person for the purpose of First Amendment-Related intelligence unless it is collected in the course of a lawful investigation of criminal conduct and is relevant to such investigation. Information which has been collected in violation of this Decree shall be destroyed.

2. The defendants and the City of Memphis shall not disseminate personal information for the purpose of First Amendment-Related Intelligence about any person collected in the course of a lawful investigation of criminal conduct to any other person, except that such information may be disseminated to another government law enforcement agency then engaged in a lawful investigation of criminal conduct.

3. The City of Memphis may record photos and videos with City-owned recording and photographic devices as long as the devices are not used for the purpose of First Amendment-Related Intelligence.

   a. The City of Memphis may use the "pan/tilt/zoom" functions on its cameras and recording devices.

   b. The City of Memphis may not, however, intentionally save and catalog video or images that would constitute First Amendment-Related Intelligence unless otherwise authorized by this Decree.

   c. The City of Memphis may continue its current practice of storing video from its video recording devices on the devices' internal storage as long as the footage automatically deletes as new footage is recorded.

   d. The City will implement a written retention policy for all camera footage that is downloaded from the cameras.

4. The Memphis Police Department may use Body Worn Cameras as long as they are not used for the purpose of First Amendment-Related Intelligence. Additionally,

   a. The use of Body Worn Cameras at First Amendment activity is subject to the Memphis Police Department's standard policy and procedures for the use of Body Worn Cameras;

   b. The Memphis Police Department may not retain body worn camera footage of such protests or assemblies unless it contains evidence of criminal activity or officer misconduct.

I.     **Restriction on Joint Operations**

~~The defendants and the City of Memphis shall not encourage, cooperate4 with, delegate, employ or contract with, or act at the behest of, any local, state, federal or private agency, or any person, to plan or conduct any investigation, activity or conduct prohibited by this Decree.~~

*The parties were unable to reach an agreement on modified language for Section I. Accordingly, the issue of any modifications to Section I remains for the Court's determination.*

J.     **Dissemination and Posting of this Decree**

The defendants and the City of Memphis shall familiarize each of its law enforcement personnel with the contents of this Decree in the same manner in which those personnel are instructed about other rules of conduct governing such personnel.  In addition, defendants and the City of Memphis shall disseminate and make known the contents of this Decree through publication, public posting and other means.

K.     **Effective Date**

This Decree shall be effective when approved and entered by the Court as fair, reasonable and adequate.

L.     **Binding Effect**

This Decree, providing prospective relief only, constitutes a full and final adjudication of all the named plaintiffs' claims for injunctive and affirmative relief as stated in the Complaint.  However, it shall have no binding effect upon any claims for damages that have bene, might have been, or might in the future, be asserted by any other individual.  any statutes of limitations that apply to any such claims are hereby tolled from September 14, 1976 to the date of this Decree.

**M.**     **<u>Retention of Jurisdiction</u>**

The Court will retain jurisdiction of this action, including any issue which might arise regarding payment of attorneys' fees to counsel for plaintiffs, pending disposition of all matters contained in this Decree and for the purpose of issuing any additional order required to effectuate this decree.

SO ORDERED.