**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 26, 2022

Mr. Jacob Webster Brown
Mr. Bruce S. Kramer
Apperson Crump
6000 Poplar Avenue, Suite 150
Memphis, TN 38119

Mr. Robert Mark Glover
Mr. Bruce A. McMullen
Ms. Jennie Vee Silk
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Ms. Stella Marie Yarbrough
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212

Re: Case Nos. 20-6211/20-6263, *Elaine Blanchard, et al v. City of Memphis*
Originating Case No. : 2:17-cv-02120

Dear Counsel,

The Court issued the enclosed opinion today in these cases.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. Thomas M. Gould

Enclosures
Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0169n.06

Case Nos. 20-6211/6263

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |
|---|---|
| ELAINE BLANCHARD; KEEDRAN FRANKLIN; PAUL GARNER; BRADLEY WATKINS, | FILED<br>Apr 26, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs - Appellants (20-6211), | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| v. |  |
| CITY OF MEMPHIS, TENNESSEE, |  |
| Defendant - Appellee (20-6211),<br>Defendant - Appellant (20-6263), | OPINION |
| ACLU OF TENNESSEE, |  |
| Intervenor-Appellee (20-6263). |  |

Before: KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. The two appeals before us are more than three years late, so they fail on arrival. The plaintiffs in this case (the Blanchard Plaintiffs) sued to hold the City of Memphis in contempt of a decades-old Consent Decree. The district court dismissed their claims for lack of standing, but the American Civil Liberties Union of Tennessee timely intervened. With ACLU-TN as the Intervenor-Plaintiff, the case went to trial, and the district court held the City in contempt. That was in October 2018, and that's when the Blanchard Plaintiffs should have appealed. But instead, they waited until 2020 and latched their appeal to a collateral decision unrelated to their complaint. This prompted the City to file an appeal of its own against ACLU-TN, using Fed. R. App. P. 4(a)(3) to ride the coattails of the Blanchard Plaintiffs' appeal. Neither appeal is timely, so we DISMISS both for lack of jurisdiction.

Case Nos. 20-6211/6263, *Blanchard, et al. v. City of Memphis*, et al.

I.

Back in 1976, the ACLU of West Tennessee, the Executive Director of ACLU-TN, and the Southern Director of the National Committee Against Repressive Legislation sued the City of Memphis and a handful of its officers. They claimed the Memphis Police Department was engaging in unlawful surveillance, in violation of their constitutional rights. This litigation yielded a 1978 Consent Decree. It prohibits "the City of Memphis from engaging in law enforcement activities which interfere with any person's rights protected by the First Amendment." (R. 151, Consent Decree, PageID 6281.) And to that end, it requires the City to "appropriately limit all law enforcement activities." (*Id.*) More specifically, it says the City "shall not engage in political intelligence," nor "operate or maintain any office, division, bureau or any other unit for the purpose of engaging in political intelligence." (*Id.* at PageID 6282.)

Fast forward several decades. In February 2017, the Blanchard Plaintiffs sued to enforce the Consent Decree. Because the Blanchard Plaintiffs were never parties to the Consent Decree, the district court dismissed their complaint for lack of standing. But ACLU-TN intervened in time, and so the case stayed alive.

In June 2017, the Blanchard Plaintiffs filed a notice of appeal and subsequently moved for Rule 54(b) certification. But the trial court denied certification. It explained that "ACLU-TN may prevail in this action on the merits." (R. 57, Nov. 1, 2017 Order, PageID 608.) And "[i]n that event, ACLU-TN would likely obtain the substantive remedy the Blanchard Plaintiffs seek in their Complaint: the enforcement of the [Consent] Decree." (*Id.*)

With ACLU-TN now heading up the litigation, the case made it through a bench trial. On October 26, 2018, the district court issued a decision: It concluded that ACLU-TN had standing to enforce the Consent Decree and held the City in contempt. And in that same order, the district

Case Nos. 20-6211/6263, *Blanchard, et al. v. City of Memphis*, et al.

court also assessed sanctions. It ordered the City to revise its regulations, introduce new training, establish a process for approving investigations, introduce guidelines for social media, and track search terms Memphis police officers use while collecting information on social media.

Afterwards, ACLU-TN and the City continued wrangling over the latter's efforts to modify the Consent Decree. These efforts originated with the City's Rule 60(b) motion to vacate or modify the Consent Decree filed five days before the bench trial. This led to a second, separate trial on the modification issue only. And eventually, the district court wrapped up the modification question in a September 21, 2020 order.

Then on October 20, 2020, the Blanchard Plaintiffs appealed the district court's June 30, 2017 order dismissing them from the case. The City followed up with an appeal of its own, arguing the district court erred in holding ACLU-TN had standing to enforce the Consent Decree. And so ACLU-TN was pulled back into this litigation as an appellee. ACLU-TN says the City's appeal is untimely because the appealable judgment here is the October 26, 2018 decision, not the more recent order that dealt with the modification issue only.

II.

Our first task in any appeal is to "assure ourselves that we have jurisdiction to review the orders at issue." *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018). Parties may appeal "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. But they must file that appeal within 30 days after entry of final judgment. Fed. R. App. P. 4(a)(1)(A). And if the appeal is untimely, "it must be dismissed for want of jurisdiction." *Bowles v. Russell*, 551 U.S. 205, 213 (2007) (quoting *United States v. Curry*, 47 U.S. (1 How.) 106, 113 (1848)).

3

Case Nos. 20-6211/6263, *Blanchard, et al. v. City of Memphis*, et al.

Generally, a decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gnesys, Inc. v. Greene*, 437 F.3d 482, 485 (6th Cir. 2005) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988)). More specifically, civil contempt orders are final once the district court assesses sanctions. *See, e.g.*, *id.* at 487 (assessment of damages for contempt of consent permanent injunction "effectively render[ed] the decision final"); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983) ("Once the finding of contempt has been made and a sanction imposed, the order has acquired all the 'elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under § 1291.'" (quoting *SEC v. Naftalin*, 460 F.2d 471, 475 (8th Cir. 1972))). With all of this in mind, we consider the two appeals in turn.

*The Blanchard Plaintiffs' appeal.* The question boils down to this: What is the final judgment here? Because it's the October 26, 2018 order, *not* the September 21, 2020 tag-along, we are long past the deadline for appeal.

Here, the point of the Blanchard Plaintiffs' appeal is to establish standing so they can hold the City in contempt of the Consent Decree. But that contempt question was litigated to its conclusion back in 2018. The district court guided the case through a bench trial, and it held the City in contempt on October 26, 2018. Indeed, just as the district court predicted when it denied the Blanchard Plaintiffs' Rule 54(b) certification motion, "ACLU-TN . . . prevail[ed] in this action on the merits" and "obtaine[d] the substantive remedy the Blanchard Plaintiffs seek in their Complaint: the enforcement of the [Consent] Decree." (R. 57, Nov. 1, 2017 Order, PageID 608.) In other words, the October 26, 2018 decision "disposed on the [Blanchard Plaintiffs'] entire complaint." *Brown Shoe Co. v. United States*, 370 U.S. 294, 308 (1962). And importantly, the

4

Case Nos. 20-6211/6263, *Blanchard, et al. v. City of Memphis*, et al.

district court assessed sanctions in that same order as well. At that point, the clock began ticking for the Blanchard Plaintiffs to file their appeal, consistent with the caselaw.

Certainly, ACLU-TN and the City continued negotiating and litigating over modifications to the Consent Decree until 2020. But that's a separate, collateral matter. In fact, the City said as much in its response to the Blanchard Plaintiffs' motion to intervene in the modification litigation. (R. 177, Dec. 21, 2018, Resp., PageID ("[T]he modification proceeding is a proceeding collateral to the ACLU-TN's suit to 'enforce' the Consent Decree.").) The 2018 order was about the City's *past* violations, while the modification question involved *future* changes to the Consent Decree. In other words, any modification along the lines that the City requested would not have undone its past contempt.[1] And in any event, the Blanchard Plaintiffs were not party to this modification litigation.[2]

What's more, the City was free to pursue modification at any time from 1978 onwards, well before the Blanchard Plaintiffs entered the scene. *See, e.g.*, *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983) (courts "retain jurisdiction over the decree during the term of its existence" and can "modify the decree should changed circumstances subvert its intended purpose" (internal quotation omitted)). The Blanchard Plaintiffs would have us adopt an unworkable rule: A contempt order isn't appealable so long as the possibility of modifying the consent decree persists.[3]

---

[1] Specifically, the City claimed that "certain aspects of the Consent Order are impractical, impose an unreasonable administrative burden, and are not suited to today's world of social media activity driving protest and counter-protest activity." (R. 124, Aug. 15, 2018 Mot., PageID 5012.) ACLU-TN and the City went on to engage in multiple rounds of mediation, which yielded sixteen jointly proposed modifications. But they continued to disagree over the language of §§ H and I of the Consent Decree, and the district court resolved these in its September 21, 2020 order.

[2] On January 14, 2019, the district court denied the Blanchard Plaintiffs' motion to intervene.

[3] The City tries to rescue the Blanchard Plaintiffs' appeal. As the City sees it, because there was "no need to modify the Consent Decree . . . until the Blanchard Plaintiffs sought an order of contempt," "the Motion to Modify was inextricably intertwined with the Blanchard Plaintiffs'

5

Case Nos. 20-6211/6263, *Blanchard, et al. v. City of Memphis*, et al.

We reject this and conclude that the appeal is time-barred. And so we cannot reach the merits of the Blanchard Plaintiffs' appeal.

*The City's appeal.* The second appeal is time-barred just the same. That's because its timeliness rises and falls with the timeliness of the Blanchard Plaintiffs' appeal. The City's only jurisdictional hook here is Fed. R. App. P. 4(a)(3), which provides that, "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed." But importantly, the City "concedes that if the Blanchard Plaintiffs failed to timely file their Notice of Appeal, then the City's separate appeal was likewise not timely filed." (City Reply at 9 (citation omitted).) Indeed, our "jurisdiction over [the City's appeal] derives from the [Blanchard Plaintiffs'] initial notice of appeal." *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 705 (9th Cir. 2007). And thus, "because [the Blanchard Plaintiffs'] notice of appeal was itself untimely, there was no prior invocation of jurisdiction that could sustain [the City's appeal]." *Id.*

### III.

We DISMISS both appeals for lack of jurisdiction.

---

contempt litigation." (City Reply at 10-11 (citation omitted).) But the City offers nothing by way of caselaw to support this intertwinement theory. And it makes no effort to distinguish those cases that confirm a contempt order is final at the point of sanctions. *See supra* at 4. Indeed, "[t]he time of appealability, having jurisdictional consequences, should above all be clear." *Budinich*, 486 U.S. at 202. An amorphous test that looks to whether a motion to modify was "inextricably intertwined" with a contempt order is anything but.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 20-6211/6263

ELAINE BLANCHARD; KEEDRAN FRANKLIN; PAUL GARNER; BRADLEY WATKINS,

    Plaintiffs - Appellants (20-6211),

    v.

CITY OF MEMPHIS, TENNESSEE,

    Defendant - Appellee (20-6211),
    Defendant - Appellant (20-6263),

ACLU OF TENNESSEE,

    Intervenor-Appellee (20-6263).

**FILED**
Apr 26, 2022
DEBORAH S. HUNT, Clerk

Before: KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Tennessee at Memphis.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that both appeals are DISMISSED for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk