**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ACLU OF TENNESSEE, Inc.       ) | |
|                 ) | |
|      Intervening Plaintiff,    ) | |
| v.                  ) | No. 2:17-cv-02120-MSN-jay |
|                 ) | |
| THE CITY OF MEMPHIS,    ) | |
|                 ) | |
|      Defendant.        ) | |

**JOINT MOTION FOR RECUSAL
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant City of Memphis (the "City") and Plaintiff ACLU of Tennessee, Inc.

("ACLU-TN") (collectively, the "Parties") hereby move for an Order of Recusal of the Presiding

Judge in this matter, the Honorable Mark S. Norris.  Judge Norris should recuse himself from

this case because of his statement to an Assistant U.S. Attorney that the Memphis Police

Department's ("MPD") is "infiltrated to the top with gang members."  This statement reflects

judicial bias or the appearance of judicial bias against MPD, and recusal is, therefore, proper.

## I.    INTRODUCTION AND BACKGROUND

On August 28, 2025, Chief Judge Sheryl Lipman entered two orders in *United States v.*

*Martin, et al.*, No. 2:23-cr-20191-SHL (W.D. Tenn), unsealing certain filings related to the

recusal of Judge Norris from that matter and granting three of the criminal defendants a new

trial. (*Martin*, ECF Nos. 918, 919.) In the Orders, Chief Judge Lipman described post-trial, ex

parte statements made by Judge Norris to three members of the U.S. Attorney's Office and the

Assistant Special Agent in Charge of the FBI's Memphis office during a May 30, 2025 meeting.

In that meeting, Judge Norris expressed his theory that at least one of the criminal defendants in

*Martin* was in a gang and that the gang was responsible for the shooting of Judge Norris's former

law clerk. An Assistant U.S. Attorney who attended the May 30, 2025 meeting also contended

that she recalled that, shortly after the law clerk was shot on October 8, 2024, Judge Norris

informed her that "he could not meet with any member of the Memphis Police Department to

give a statement regarding the shooting of his clerk, as MPD is "infiltrated to the top with gang

members." (ECF No. 919, PageID 16558.)

In light of the opinion asserted by Judge Norris related to MPD, the Parties now move for

recusal of Judge Norris.

## II.    LAW AND ARGUMENT

### A.    Legal Standard

All parties to litigation are entitled to due process, which "require[s] not only an absence

of actual bias, but an absence of even the appearance of judicial bias." *Railey v. Webb*, 540 F.3d

393, 399 (6th Cir. 2008) (quoting *Anderson v. Sheppard*, 856 F.2d 741, 746 (6th Cir. 1988)). "A

judge can and should be disqualified for 'bias, a likelihood of bias, or even an appearance of

bias.'" *Id.* at 399–400 (citation modified). "To establish an enforceable and workable framework,

the Court's precedents apply an objective standard that, in the usual case, avoids having to

determine whether actual bias is present." *Williams v. Pa.*, 579 U.S. 1, 8 (2016).

As for whether a judge should preside over a matter, the Due Process Clause "demarks

only the outer boundaries of judicial disqualifications." *United States v. Liggins*, 76 F.4th 500,

505 (6th Cir. 2023) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009)).

"Recusal 'questions are, in most cases, answered by common law, statute, or the professional

standards of the bench and bar.'" *Id.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). To

that end, 28 U.S.C. § 455(a) provides several bases for recusal and, most fundamentally,

provides that judges shall not preside over "any proceeding in which [their] impartiality might

reasonably be questioned."

2

"[T]he Due Process Clause may sometimes demand recusal even when a judge 'ha[s] no actual bias.'" *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986)). What is required is "not only an absence of actual bias, but an absence of even the appearance of judicial bias." *Anderson*, 856 F.2d at 746. "Time and again this court has said that justice must not only be done but must manifestly be seen to be done." *Id.* (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172 n.19 (1951) (Frankfurter, J., concurring)). Indeed, "[t]he Supreme Court has dictated that the relevant question in examining a due process claim based on judicial bias is whether 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Johnson v. Parris*, No. 1:18-CV-204, 2021 WL 1232774, at *47 (E.D. Tenn. Apr. 1, 2021) (quoting *Rippo*, 580 U.S. at 287.)

   **B.    Judge Norris Should Recuse Himself from This Case.**

As Chief Judge Lipman explained in *Martin*: "Because the risk of [Judge Norris's] bias here is too high to be constitutionally tolerable, and because judicial bias is structural error, not susceptible to harmless error analysis, a new trial is necessary." (*Martin*, ECF No. 919, PageID 16565 (cleaned up).) Thus, the Chief Judge concluded that Judge Norris's statements about MPD created an appearance of judicial bias great enough to impede upon the criminal defendants' due process rights. So too, here.

The facts underlying this matter involve actions by the MPD that the Court determined were violative of the *Kendrick* Consent Decree. Accordingly, MPD has been under Court supervision since 2018. Going forward, the Court will be required to make decisions related to issuing and/or maintaining sanctions against MPD and for determining compliance and non-compliance with the terms of the Consent Decree. Because of judicial bias or the appearance of judicial bias against MPD, however, it is unclear if Judge Norris will be able to impartially and

3

fairly make those determinations or maintain litigants' confidence that the judicial process is fair and in accordance with the law. Accordingly, recusal is proper and necessary.

## CONCLUSION

For these reasons, the Parties respectfully move the Court for an Order of Recusal in this action.

Respectfully submitted,

ACLU of TENNESSEE, INC.

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

*s/ Stella Yarbrough*
Stella Yarbrough (#033637)
Lucas Cameron-Vaughn (#36284)
American Civil Liberties Union
Foundation of Tennessee, Inc.
P.O. Box 120160
Nashville, TN 37212
Syarbrough@aclu-tn.org

*Attorneys for Intervenor Plaintiff*

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Mary Wu Tullis (#31339)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone (901) 526-2000
E-mail: bmcmullen@bakerdonelson.com
        mtullis@bakerdonelson.com
        jsilk@bakerdonelson.com

*Attorneys for Defendant, The City of Memphis*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, the foregoing document will be served by the Court's ECF system to all counsel of record.

*s/ Bruce McMullen*
Bruce McMullen

4

4907-8435-9276