## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |
|---|---|
| ELAINE BLANCHARD, KEEDRAN FRANKLIN, PAUL GARNER, and BRADLEY WATKINS,<br><br>       *Plaintiffs (dismissed)*,<br><br>  and<br><br>ACLU OF TENNESSEE, INC.<br><br>       *Intervening Plaintiff*,<br><br>  v.<br><br>THE CITY OF MEMPHIS,<br><br>       *Defendant*. | No. 2:17-cv-02120-MSN-jay |

### DECLARATION OF TIMOTHY A. COOK

I, Timothy A. Cook, hereby declare, under penalty of perjury, as follows:

1.      I am a partner of the law firm Wilmer Cutler Pickering Hale and Dorr LLP and am counsel for Intervening Plaintiff ACLU of Tennessee, Inc. ("ACLU-TN") in the above-captioned action.  I am a member in good standing of the Bars of the Commonwealth of Massachusetts, State of New York, and District of Columbia, and I am admitted to practice before this Court.  I respectfully submit this declaration in support of ACLU-TN's Motion for an Order to Show Cause Why the City of Memphis Should Not Be Held in Contempt and ACLU-TN's Motion for Limited Discovery Regarding the City of Memphis's Compliance with the Modified *Kendrick* Consent Decree (the "Motions").

2.      **Exhibit 1** is a true and correct copy of an April 1, 2026 letter from ACLU-TN to the Independent Monitor and counsel for the City of Memphis (the "City") in this action.

– 1 –

3.      **Exhibit 2** is a true and correct copy of a letter from counsel for the City that I received by email from Jennie Vee Silk on April 15, 2026, except for redactions that I applied to protect personally identifiable information in the letter and Exhibit 2 to the letter.  I maintain the original, unredacted copy that I received from the City in my files.

4.      **Exhibit 3** is a true and correct copy of a document appearing to be a Section G authorization dated April 16, 2026, that I received as an attachment to an email forwarded to me by Rachel Levinson-Waldman on April 30, 2026.  Ms. Levinson-Waldman is the Social Media Subject Matter Expert appointed under the Sustainment Framework.

5.      **Exhibit 4** is a true and correct copy of a letter that I sent to the Independent Monitor and counsel for the City on April 23, 2026.  The City's April 15, 2026 letter represented that the City was conducting an investigation into the No Kings event response, so ACLU-TN's letter asked the City "to arrange a meeting among the team conducting the investigation, ACLU-TN, and the Monitoring Team to discuss the investigation's scope and our access to evidence." During videoconferences between the Monitoring Team and counsel for the parties on May 12, 2026, and May 19, 2026, which I attended on behalf of ACLU-TN, the City's counsel refused to arrange such a meeting and refused to allow ACLU-TN to participate in the investigation.

6.      **Exhibit 5** is a true and correct copy of a letter that I sent to the Independent Monitor and counsel for the City on May 6, 2026, regarding the April 16, 2026 authorization. The City has not responded.  During videoconferences between the Monitoring Team and counsel for the parties on May 12, 2026, and May 19, 2026, which I attended on behalf of ACLU-TN, I requested that the City provide a written response to this letter.  The City's counsel represented that it would, but the City has not done so.

– 2 –

7.      On May 18, 2026, I accessed and downloaded a video posted on the Shelby County District Attorney's website that the District Attorney's Office described as "video related to the police response at the March 28 No Kings Rally," and specifically "the relevant portion focused on the police use of force."  The video was announced at https://www.scdag.com/news-releases/das-office-releases-video-related-to-police-response-at-no-kings-rally and hosted at https://www.dropbox.com/scl/fi/ti8nax3ju1pduj7g6xoq9/Spray.mov?rlkey=o0mi7zx6we0lg0awi ozvop3m3&st=ngkthkd5&dl=0.  The video is titled "Spray.mov."  The video remains accessible on the Shelby County District Attorney's website today, and I have preserved an original copy downloaded on May 18, 2026, in my files.  All "Bodycam" citations in ACLU-TN's Motion for an Order to Show Cause refer to timestamps at the upper right corner of the video frame.  For example, the following frame would be cited as "Bodycam at 17:32:26."



8.      During the videoconference between the Monitoring Team and counsel for the parties on May 19, 2026, I asked counsel for the City if the City agreed that there was at least some violation of the Decree related to the March 28, 2026 Memphis "No Kings" event.

– 3 –

Counsel for the City responded that the City did not agree that there was any violation of the Decree.

9.    **Exhibit 6** is a true and correct copy of emails exchanged among counsel for ACLU-TN, counsel for the City, and the Monitoring Team between May 20, 2026, and June 4, 2026, regarding the production of body-worn camera footage from the March 28, 2026 Memphis No Kings event. No agreement has been reached between the parties regarding the production of this evidence, and ACLU-TN has not yet received any bodycam footage related to this event from the City.

10.   **Exhibit 7** is a true and correct copy of an email and attachment that I received from Jennie Vee Silk, counsel for the City, on June 15, 2026.

11.   **Exhibit 8** is a true and correct copy of an email concerning the Motions that I sent to counsel for the City, copying the Monitoring Team, on June 22, 2026.

\*\*

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 23, 2026, in Boston, Massachusetts.

_____
Timothy A. Cook