**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ACLU OF TENNESSEE, INC., | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-02120-MSN-jay |
| | ) | |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

**CITY OF MEMPHIS'S RESPONSE IN OPPOSITION
TO ACLU-TN'S MOTION FOR AN ORDER TO SHOW CAUSE
AND MOTION FOR LIMITED DISCOVERY**

Defendant City of Memphis (the "City") respectfully submits this response in opposition to Intervening Plaintiff ACLU-TN's Motion for an Order to Show Cause Why the City of Memphis Should Not Be Held in Contempt (ECF No. 575) (the "Show Cause Motion") and Motion for Limited Discovery (ECF No. 576) (the "Discovery Motion"). In support, the City states as follows:

ACLU-TN asks this Court to issue a show cause order directing the City to demonstrate its compliance with the Modified *Kendrick* Consent Decree (ECF No. 379) (the "Consent Decree") and, simultaneously, to authorize compliance discovery. But ACLU-TN has not earned either remedy. It has bypassed the mandatory dispute resolution framework established in the Court-adopted *Kendrick* Consent Decree Sustainment Proposal (ECF No. 526-1) (the "Sustainment Proposal"). In so doing, it seeks to invert the burden of proof by using a show cause order to force the City *to disprove* contempt rather than meeting its own heavy evidentiary burden *to establish* contempt.

1

The Court should deny both Motions and direct ACLU-TN to pursue the orderly dispute resolution process to which the parties and the Independent Monitor jointly agreed—and which this Court adopted—in January 2025.

## I.    STATEMENT OF FACTS

### A.    The Consent Decree and Sustainment Proposal.

The Consent Decree is a landmark agreement governing the Memphis Police Department's ("MPD") practices regarding the First Amendment rights of Memphis residents. (*See* ECF No. 379.) On January 15, 2025, this Court adopted the *Kendrick* Consent Decree Sustainment Proposal, a ***joint submission*** by the City, ACLU-TN, and the Independent Monitor. (*See* ECF No. 526.)

The Sustainment Proposal established a comprehensive compliance architecture beginning July 1, 2025[1]: (1) two designated Compliance Officers with enumerated duties; (2) three Subject Matter Experts ("SMEs") providing oversight and guidance; and (3) a detailed, sequential dispute resolution procedure for addressing compliance deficiencies. (*See* ECF No. 526-1 at PageID 15566–75.) Central to the Sustainment Proposal is Section II.D, "Procedure for Sustainment SME Reporting of Deficiencies," which provides a mandatory, multi-step framework for raising and resolving compliance concerns before seeking judicial intervention. (*See id.* at PageID 1574–75.) Notably, the Sustainment Proposal does not contemplate ACLU

---

[1] ACLU-TN asserts that the parties have not moved into the Sustainment Period, but that assertion is incorrect. The Sustainment Proposal contemplated a Transition Period and then a Sustainment Period. All that was required of the City during the Transition Period was to: (1) designate at least two employees to serve as Consent Decree Compliance Officers; and (2) to identify and train the three SMEs. (*See* ECF No. 526-1 at 3.) That process was completed in September 2025. At that point, the City moved out of the Transition Period into the Sustainment Period. The Sustainment Proposal thus governs any dispute.

raising issues to the City directly. Rather, it is in the purview of the SMEs to assess concerns of noncompliance. (*Id.*)

### B.    ACLU-TN's Decision to Bypass the Dispute Resolution Framework.

Rather than pursue the dispute resolution process that ACLU-TN itself negotiated and that this Court adopted, ACLU-TN filed its Show Cause Motion and Discovery Motion on June 23, 2026. (ECF Nos. 575, 576.) ACLU-TN's Motions arise from MPD's response to an event on March 28, 2026 (the "No Kings" event), an April 16, 2026 Section G authorization, and the City's subsequent correspondence with ACLU-TN regarding access to bodycam footage and the City's interpretation of Section G related to the No Kings event. (*See* ECF No. 576 at PageID 16395–400.)

ACLU-TN does not contend—and cannot show—that it initiated and completed the mandatory five-step dispute resolution process set forth in the Sustainment Proposal before filing these Motions. Instead, ACLU-TN characterizes its correspondence with the City as failed "informal discovery" and rushes to this Court, bypassing the very procedures that it co-drafted to govern disputes precisely like this one. (*See, e.g.*, ECF No. 576, PageID 16395.)

## II.    ACLU-TN FAILED TO EXHAUST THE CONSENT DECREE'S MANDATORY DISPUTE RESOLUTION FRAMEWORK BEFORE SEEKING JUDICIAL INTERVENTION.

### A.    The Sustainment Proposal Establishes a Mandatory, Sequential Dispute Resolution Process.

The Court adopted the Sustainment Proposal on January 15, 2025. (ECF No. 526.) The Sustainment Proposal, jointly submitted by the City, ACLU-TN, and the Monitor, establishes a specific, five-step procedure for addressing compliance deficiencies. It provides:

- *First*, the Sustainment SME shall provide written notice to the MPD detailing the deficiency. This written notice shall be sent to the internal compliance officer or team or other person or team designated by the

3

> MPD for that purpose, as well as to the MPD Chief or her designee and counsel for the ACLU-TN;
>
> - *Second*, within ten (10) days after written notice is sent, the Sustainment SME, the internal compliance officer or other designee, and counsel for the ACLU-TN shall participate in a telephone or video conference regarding the deficiency;
>
> - *Third*, if the deficiency remains unresolved after the conference, the City will have twenty (20) days from the date of the conference to cure the deficiency;
>
> - *Fourth*, at the conclusion of twenty (20) days, if the deficiency still remains unresolved, then the Sustainment SME shall request that the ACLU-TN petition the Court for relief/assistance; and
>
> - *Fifth*, in the event that the ACLU-TN is unable to petition the Court within seven (7) days of the Sustainment SME's request in Step 4, the ACLU-TN shall notify the Sustainment SME and the City immediately.

(ECF No. 526-1 at PageID 15574–75 (emphasis in original).)

This procedure is mandatory. The use of "shall" at each step establishes a binding, sequential process that must be completed before either party seeks judicial intervention. Critically, ACLU-TN itself negotiated and agreed to this framework, and this Court adopted it by Order.

### B.     ACLU-TN Has Not Complied with the Dispute Resolution Framework.

ACLU-TN does not claim to have initiated the formal dispute resolution process under the Sustainment Proposal. It does not allege that a Sustainment SME provided written notice to MPD detailing a deficiency. It does not allege that the required telephone or video conference occurred under the framework's auspices. It does not allege that the City was afforded twenty days to cure. And it does not allege that a Sustainment SME requested that ACLU-TN petition the Court.

4

Instead, ACLU-TN characterizes informal correspondence and calls between counsel—which occurred outside the Sustainment Proposal framework—as sufficient engagement. But the parties' informal negotiations are not a substitute for the structured process the Court adopted. The Sustainment Proposal was designed precisely to address situations like this: where a potential deficiency has been identified but where the parties have not yet engaged the formal mechanisms established to resolve it short of judicial intervention.

Where a consent decree establishes a mandatory dispute resolution framework, the parties are required to comply with that framework before invoking the Court's authority. This principle reflects the dual nature of a consent decree as "both a judgment of the court and a contract between the parties." *United States v. Kelley*, 145 F.R.D. 432 (E.D. Mich. 1993) (citing *Local Number 93, Int'l Assoc. of Firefighters v. Cleveland*, 478 U.S. 501, 519 (1986)).

ACLU-TN cannot simultaneously invoke the benefits of a consent decree it helped negotiate—including the Court's continuing enforcement authority—while ignoring the procedural obligations it adopted under the same decree. Accordingly, the Motions should be denied as premature.

### III.    ACLU-TN IMPROPERLY SEEKS TO SHIFT THE BURDEN OF PROOF TO THE CITY THROUGH THE SHOW CAUSE MECHANISM.

#### A.    The Burden of Proof in Civil Contempt Rests Squarely on the Moving Party.

The Sixth Circuit has clearly and repeatedly established that a party seeking civil contempt sanctions bears the burden of proving contempt by clear and convincing evidence. "A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Indeed, this Court recognized and applied the

clear and convincing evidentiary standard in this case. (*See* ECF No. 151, PageID 6254.)

"[C]lear and convincing evidence is not a light burden and should not be confused with the less

stringent, proof by a preponderance of the evidence." *Elec. Workers Pension Tr. Fund of Loc.*

*Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).

To satisfy this burden, the moving party must establish three elements: (1) existence of a

definite and specific order of the court requiring the defendant to perform or refrain from

performing a particular act or acts, (2) the defendant had knowledge of the court's order, and (3)

the defendant violated that order. *NLRB v. Bannum, Inc.*, 93 F.4th 973, 982 (6th Cir. 2024)

(quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Only after the

moving party has established a prima facie case does "the burden shift[] to the contemnor who

may defend by coming forward with evidence showing that he is *presently* unable to comply

with the court's order." *Id.* (emphasis in original) (quoting *Gary's Elec. Serv. Co.*, 340 F.3d at

379).

B.       **ACLU-TN's Show Cause Strategy Impermissibly Inverts This Framework.**

ACLU-TN's strategy is transparent: rather than carry its own evidentiary burden, ACLU-

TN asks this Court to issue an order directing the City to "show cause" why it should not be held

in contempt. If granted, this order would effectively shift the burden to the City to disprove

contempt rather than requiring ACLU-TN to establish contempt.

This is precisely the inversion that the Sixth Circuit's burden-allocation framework is

designed to prevent. The movant's obligation to produce "clear and convincing evidence" is a

substantive prerequisite to any contempt finding, not a procedural hurdle that can be bypassed by

obtaining a show cause order. (ECF No. 151, PageID 6254); *see Gascho*, 875 F.3d at 799

("Contempt is serious. To reflect its seriousness, courts must exercise the contempt sanction with

caution and use '[t]he least possible power adequate to the end proposed.'" (citation omitted) (quoting *United States v. Wilson*, 421 U.S. 309, 319 (1975))).

An order to show cause is an extraordinary procedural device. It is not a vehicle for compelling the opposing party to construct the movant's case. ACLU-TN cannot substitute attorney argument in a motion for the clear and convincing evidence that the law demands it put forth to establish contempt.

## IV.    CONCLUSION

For these reasons, City respectfully requests that the Court deny ACLU-TN's Motion for an Order to Show Cause and Motion for Limited Discovery.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*/s/ Bruce A. McMullen*

Bruce A. McMullen (#18126)
Mary Wu Tullis (#31339)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone (901) 526-2000
E-mail: bmcmullen@bakerdonelson.com
        mtullis@bakerdonelson.com
        jsilk@bakerdonelson.com
        kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis*